KLEBER DENMARK v. THE ATLANTIC AND NORTH CAROLINA RAILROAD COMPANY.

*Damages—Issues—Negligence—Contributory Negligence—Practice in Submitting Issues of Damages—Instructions of the Court—Verdict.*

1. In an action against a railroad for damages, the defendant tendered the issues: (1) Were plaintiff's injuries caused by the negligent running of defendant's engine? (2) Was there contributory negligence on the part of the plaintiff? (3) What damages is the plaintiff entitled to recover? The Court declined to submit these, and substituted instead a single issue—What damages, if any, is the plaintiff entitled to recover? *Held* (1) to be error; (2) the question of the *quantum* of damages is a mere incidental one, depending upon the real issues of fact raised by the pleadings.

2 Where the Court below assumes the responsibility of settling the issues on trial, this Court, construing the statute, has laid down three rules: (1) Only issues of fact raised by the pleadings must be submitted. (2) The verdict, whether in response to one or many issues, must establish facts sufficient to enable the Court to proceed to judgment. (3) Of the issues raised by the pleadings, the Judge may, in his discretion, submit one or many, provided that neither of the parties to the action is denied the opportunity to present to the jury any view of the law arising out of the evidence through the medium of pertinent instructions on some issues passed upon.

3. The statute (*The Code*, §§ 395, 401), requiring issues of fact raised by the pleadings to be submitted to the jury, is mandatory.

4. The better practice is to submit an issue upon the question of contributory negligence.

5. Discussion by AVERY, J., of the practice in submitting issues as to damages.

This was a CIVIL ACTION, tried at January Term, 1890, of the Superior Court of WAYNE County, before *Whitaker, J.*

The counsel for the defendant tendered the following issues:

"1. Were the plaintiff's injuries caused by the negligent running of defendant's engine?

"2. Was there contributory negligence on the part of the plaintiff?

"3. What damages is the plaintiff entitled to recover?"

The Judge who presided declined to submit those proffered, and substituted, instead of them, a single issue, which, with response of the jury to it, is as follows: "What damages, if any, is the plaintiff entitled to recover? Answer, $5,000."

The defendant excepted to the refusal of the Court to submit those tendered, and to the substitution of the issue passed upon by the jury.

*Mr. C. B. Aycock*, for plaintiff.
*Mr. W. W. Clark*, for defendant.

AVERY, J.—after stating the facts: When the Judge who tries an action assumes the responsibility of settling the issues, he finds that this Court, in construing the statute, has laid down three rules for his guidance:

1. Only issues of fact raised by the pleadings must be submitted to the jury.

2. The verdict, whether in response to one or many issues, must establish facts sufficient to enable the Court to proceed to judgment.

3. Of the issues raised by the pleadings, the Judge who tries the case may, in his discretion, submit one or many, provided that neither of the parties to the action is denied the opportunity to present to the jury any view of the law arising out of the evidence, through the medium of pertinent instructions on some issue passed upon. *McAdoo* v. *Railroad,* 105 N. C., 140; *Emery* v. *Railroad,* 102 N. C., 209; *Bonds* v. *Smith,* 106 N. C., 562; *Boyer* v. *Teague,* 106 N. C., 633.

The question of the *quantum* of damages is an incidental one, the right to have them assessed at all depending upon the preliminary decision of the real issues of fact raised by the pleadings. Hence, in common practice, when the *nisi prius* Judge instructs the jury how to write their responses to them, he generally directs that, if their findings upon certain preliminary issues are favorable to the defendant, it will dispense with the necessity of assessing the plaintiff's damage. But in some other instances in common practice, the question of the amount of damages is, with the approval of the Court below, answered, and that Court, and sometimes the appellate tribunal, subsequently pass upon the reserved issue of law, whether the responses to the main issues are a sufficient predicate for a judgment for the amount so conditionally determined. This common practice is founded upon reason and authority.

It is well settled that the statutes (*The Code*, §§ 395, 401) are mandatory in the requirement that an issue, or issues, of fact raised by the pleadings, shall be submitted to the jury. *Rudasill* v. *Falls*, 92 N. C., 222; but section 400, in express terms, distinguishes issues of fact from mere inquiries of damages, by providing that, "Every *issue of fact joined in the pleadings* and *inquiry of damages* required to be tried," etc. "shall be tried at the next term," etc.

In *Miller* v. *Melchor*, 13 Ired., 439, PEARSON, J, delivering the opinion of the Court, announced that the action of trespass for *mesne* profits, which, it had been contended, was a distinct action for damages, was, in fact, " a mere elongation of the action of ejectment," that action being divided, at the suggestion of the Court, into two parts, in order to save time and merely as a matter of convenience." Hence, it was held not to be error, in that case, to allow the jury to assess actual damage in ejectment, because the nature of the original action was such that, upon the finding that the defendant was guilty of the trespass, he could recover damages only as an incident to that finding. The inquiry as to damages was postponed to save time, because, in case the verdict was "not guilty," the time spent in hearing evidence as to the *quantum* of damages would have been wasted. So, the common practice, regulated by *The Code*, § 386, of taking judgment by default upon the main issues, and, when the demand is for unliquidated damages, of. continuing the inquiry to the next term, is a recognition of the distinction we have drawn.

But this Court has held that it was error, where issues of fact were raised by the pleadings, to allow the jury to return as their verdict, that " they find all issues of fact in favor of the plaintiff, and assess his damages" at a given sum. *Bowen* v. *Whitaker*, 92 N. C., 369.

The main issue of fact raised by the pleadings was, whether the plaintiff's injuries were caused by the negligence

of the defendant company, and that, with appropriate instruction, would have been sufficient. *Scott* v. *Railroad*, 96 N. C., 428; *McAdoo* v. *Railroad*, 105 N. C., 151. But while it is not error to decline to do so, it is generally much more satisfactory to the Court below, and to the appellate Court, to add an issue involving contributory negligence; and, also, where the question is raised by conflicting evidence, a third, so framed that the jury may specifically determine whether the defendant could, by the exercise of ordinary care, have avoided inflicting the injury complained of, notwithstanding the negligence of the injured party.

It is not necessary to pass upon the other exception, and, perhaps, not advisable to do so, because, upon another trial, additional evidence may be offered, so as to present a case widely different from that before us.

There was error in refusing to submit, at least, the issue involving the question whether the injury was caused by the defendant's negligence, and a new trial must be granted.

Error.