DANIEL BLUE v. ABERDEEN & WEST END RAILROAD
COMPANY.

*Action for Damages—Railroad Company—Liability for
Fire Caused by Sparks from Engine—Strong Wind—
Instructions.*

1. In the trial of an action for damages caused by fire started by
sparks from a locomotive, witnesses had described the wind on
that day as "hard," "unusual" and "extraordinary," and the
trial judge instructed the jury that, if the wind causing the
escape of sparks from the locomotive was "unusual and
extraordinary" and if, but for the "unusual and extraordi-
nary" character of the wind, the sparks would not have
escaped, and communicated the fire to plaintiff's premises
defendant was not liable. *Held*, such charge was erroneous
in that the Court did not explain the meaning of the words
"unusual and extraordinary" so as to present to the jury the
question whether the wind could have been reasonably
expected at that season and in that section of the country.

ACTION for damages caused by the alleged negligence of
the defendant in allowing fire to escape from its engine and
destroying the plaintiff's property, tried before *Brown, J.*,
and a jury, at August Term, 1894, of MOORE Superior
Court.

The issues submitted to the jury and the responses were
as follows:

"1. Did defendant by reason of his negligence cause the
property of plaintiff to be burned as alleged? 'No.'

"2. If so, what damage has plaintiff sustained?" (Not
answered.)

The Court charged the jury as follows:

Upon first issue Court charged: It is admitted by the
plaintiff that the engine was in good condition and had a
proper spark arrester. It is useless to consider all the evi-
dence relating to that. The only claim of negligence made

by the plaintiff is upon the ground of rubbish on the right-of-way or upon or near the road-bed. This was admitted by plaintiff's counsel as the only ground of negligence in response to questions by the Court.

The law does not require a railroad company to clear up all of its right-of-way, or to cut down all its trees, except so far as to render its track and road-bed entirely safe. That is a duty it owes to passengers and not the public. Nor does the law require that the company shall cut down all the growing shrubbery on its right-of-way, and it is not obliged to plow up or shrub off its right-of-way. But there is a duty a railroad company owes to the public and the neighboring land owners, and that is this: The railroad company must keep its track and road-bed clear of all such substances as are liable to be ignited by sparks or cinders from its engine.

A railroad company is required not only to keep its track and road-bed free from such inflammable substances, but it must go to the extent of keeping a reasonable distance on its right-of-way beyond its track and road-bed free from such substances. Whatever distance from its track or its right-of-way that may be reasonably necessary in the exercise of ordinary care to prevent such inflammable and combustible substance being ignited by its engines, must be kept free from them. If the company fails in this duty to the public it is liable in damages to those who are directly injured thereby. If it is necessary to keep its entire right-of-way free from combustible substances to prevent ignition from engine sparks, the whole right-of-way must be kept clear from these inflammable and combustible substances.

The Court gave the third and fifth of defendant's prayers, as follows:

"3. The plaintiff having admitted that defendant's engines were properly equipped with all modern appliances,

and were operated by skillful and competent men, if the jury shall find that fire from said engine was first communicated to grass or other combustible substances beyond and off the right-of-way the defendant would not be guilty of negligence, though its road-bed or right-of-way or both may not have been free from rubbish or other combustible matter, or at least such negligence would not be the proximate cause of plaintiff's damages and the plaintiff would not be entitled to recover.

"5. That the defendant could only be required to provide against actual and ordinary weather, and if the jury should find that the wind which caused the escape of the sparks and fire was unusual and extraordinary, and but for the unusual and extraordinary character of the wind the sparks and fire would not have escaped from defendant's engine, and would not have been communicated to plaintiff's premises, the defendant would not be guilty of negligence, and plaintiff could not recover."

You must first ascertain whether or not the fire wes occasioned by sparks or fire from the engine. The burden of proof is on the plaintiff to show this. If plaintiff has not shown it that ends the case, and you should answer first issue "No," and find for the defendant. If you find that the fire was occasioned by fire or sparks from the engine, then you must go on further and inquire whether or not the defendant company has been negligent, and whether or not the damage to plaintiff has been proximately caused by such negligence. If so, you should answer the first issue "Yes;" if not, you should answer "No."

Here the Court recited the evidence for plaintiff and defendant, and explained its bearing on the issues to the jury.

The Court then charged: That if the jury find from the evidence that the defendant company permitted dead grass

and straw, dried up leaves and an accumulation of combustible matter to exist on its right-of-way so near the track as to catch fire from the engine, and it did catch fire from the engine, and the fire spread across the lands of another person to plaintiff's land, defendant company would be liable to plaintiff for damages sustained. There is no evidence of contributory negligence upon the part of plaintiff.

There was a verdict, as set out above, for the defendant, and for the refusal of the plaintiff's motion for a new trial for error in charge, the plaintiff appealed.

*Messrs. J. W. Hinsdale* and *MacRae & Day*, for plaintiffs (appellants).

*Messrs. Black & Adams*, *W. C. Douglass* and *Shaw & Scales*, for defendant.

MONTGOMERY, J.: The plaintiff, in his complaint, claims damages against the defendant for negligently permitting fire to be communicated from its engines or property to the lands adjoining its railroad and right of way, by which said fire and the spread and the extension thereof the plaintiff's property was destroyed and damaged. It appears from the case on appeal that the plaintiff admitted on the trial that the engine of the defendant company was in good condition and had a proper spark arrester; and that the only claim of negligence made by the plaintiff was upon the ground of rubbish on the right-of-way or upon or near the road-bed to which fire was communicated. From these admissions it would seem that it was only necessary to have submitted that phase of the case to the jury. Upon this view His Honor charged " That if the jury find from the evidence that the defendant company permitted dead grass and straw, dried up leaves and an accumulation of

combustible matter to exist on its right-of-way so near the track as to catch fire from the engine, and it did catch from the engine and the fire spread across the lands of another person to plaintiff's lands, defendant company would be liable to plaintiff for damages sustained. There is no evidence of contributory negligence upon the part of plaintiff." There is no error here, and no exception made by the defendant. But the Court, at the request of the defendant, made the following special charge : " That the defendant could only be required to provide against usual and ordinary weather, and if the jury should find that the wind which caused the escape of the sparks and fire was unusual and extraordinary, and but for the unusual and extraordinary character of the wind the sparks and fire would not have escaped from defendant's engine and would not have communicated to plaintiff's premises, the defendant would not be guilty of negligence and plaintiff could not recover."

This instruction must have been given to cover another view presented to the jury, that is, that the fire might have been communicated *directly* to the plaintiff's lands from sparks and fire blown from the defendant's engine.

Plaintiff excepted to the special instructions and this raises the only point for decision here. While this instruction seems to be unnecessary to have been given upon the case first presented, yet, after it was made it may have influenced the jury and have diverted their attention from the very plain charge theretofore made by His Honor. As to the nature and kind of the winds the testimony was variable and conflicting. Some of the witnesses described it in such general terms as "wind blowing in gusts, hard wind, blowing hard, wind blowing very hard, very windy, unusual wind, unusually and extraordinarily windy." As to the witnesses who testified to particulars, some said "wind would have blown hat fifty yards, sparks further;"

" sparks from stack would have blown fifty or seventy-five yards ;" " wind would have blown sparks one hundred or two hundred yards." We think the exception is well taken. The instruction is all right so far as it goes, but the language used is too general. It contains no explanation to the jury as to the manner in which they were asked to consider the testimony, whether by comparison with other winds in the same climate, or other seasons of the year ; or whether to be taken in connection with that testimony which went into the particulars of the wind, or to be considered as independent proof.

The words "unusual and extraordinary" as in common use, very often are exaggerations of speech, and in many cases, if properly inquired into and explained, would be found not to be synonymous with "unnatural" and "unexpected" And further, the testimony in its particulars does not disclose any unnatural or unexpected wind. We think that His Honor should have so explained the meaning of the words " unusual and extraordinary " in conjunction with the particular testimony offered, as to have presented the question whether or not this wind could reasonably have been anticipated and expected by the defendants in the climate and season and section of country. In *Emry* v. *Railroad*, 102 N. C., 226, the Judge below instructed the jury upon the question of negligence that " it was the duty of defendant to have constructed its culvert so it would carry off the stream under all ordinary circumstances and the usual course of nature, even to the extent of such heavy rains as are ordinarily expected. If the defendant so constructed the culvert that it was not sufficient to carry off the water of the stream under ordinary circumstances (and by ordinary circumstances is meant the usual rainfall) even if such heavy rains are occasional, and by reason of an insufficient culvert the plaintiff's land was overflowed, the answer

to the first issue (has the defendant negligently ponded water back upon the plaintiff's land?) should be yes, unless the defendant has acquired the right to pond water on the plaintiff's land." Justice AVERY, in delivering the opinion, in sustaining the ruling of the trial Judge, went on to say: "His Honor, in addition to the language quoted from his charge, told the jury that the defendant was "not negligent if the overflow was the result of extraordinary and unusual rainfall." It is not to be inferred, however, that the additional words "extraordinary and unusual" *alone* would have been a sufficient charge to the jury on the question of negligence.

There was error in the instruction given, and there must be a new trial.

New Trial.