W. W. ELLERBE, Adm'r v. CAROLINA CENTRAL R. R. COMPANY.

*Issues—Negligence and Contributory Negligence—Intoxication—Judge's Charge.*

1. An issue which there is no evidence to support should not be submitted to the jury.

2. In actions for damages, where negligence is alleged, and contributory negligence is pleaded as a defense, issues as to negligence, contributory negligence, and amount of damages are enough. It is not error to refuse to submit an issue as to whether the injury could have been avoided by defendant, notwithstadning plaintiff's contributory negligence, as that can be explained in the charge.

3. In the absence of any evidence that an injury might have been avoided, notwithstanding the contributory negligence of the injured person, it is proper to instruct the jury that no damages can be recovered for the death of one who could, by the exercise of ordinary prudence, have avoided injury, but whose intoxication prevented his exercise of such prudence and circumspection.

4. The rule of the "prudent man" affirmed.

5. The rule established by *Tillett* v. *R. R.*, at this Term, as to when negligence and contributory negligence are pure questions of law to be determined by the court upon a given state of facts, and when issues must be submitted to the jury with appropriate instructions, affirmed.

CIVIL ACTION, tried before *Hoke, J.,* at October Term, 1895, of RICHMOND Superior Court. There was a verdict and judgment for defendant; the plaintiff appealed.

All essential facts are set out in the opinion of the Court.

*Messrs. Cameron Morrison* and *Shepherd & Busbee,* for plaintiff (appellant).

*Messrs. MacRae & Day,* for defendant.

MONTGOMERY, J.:   The defendant's train of cars, having become detached, was moving along with an interval of from 50 to 100 yards.   The plaintiff's intestate and two others were walking on the track, and, their attention being attracted by the noise of the train in their rear, they stepped off the track in good time.   They had not observed that the train had become detached, and instantly, upon the front section having passed, they jumped back upon the track and continued their walk.   The other two, discovering the rear section coming from behind them, got out of danger, but the intestate, remaining on the track, was run over and killed.   He could have seen the rear section if he had looked.   The defendant had proper appliances to stop the train, and the train was properly equipped and manned.   There was evidence going to show that the intestate was under the influence of liquor at the time he was killed.   The following issues were submitted to the jury :

" 1. Was the intestate killed by the negligence of the defendant as alleged in the complaint ?

" 2. Was the intestate guilty of contributory negligence ?

" 3. What damage, if any, is plaintiff entitled to recover?"

The plaintiff insisted that another issue should have been submitted, viz. : " Notwithstanding the contributory negligence of plaintiff's intestate, could the defendant have avoided the injury by the exercise of ordinary care and prudence ? "   This was declined, but his Honor remarked that if the evidence, after it was all in, justified he would submit it to the jury.   After the evidence was concluded the court, being of opinion that the issue was not warranted, refused to submit it, and the plaintiff excepted.   There was no error in this ruling of his Honor, for, as he said, there was no evidence tending to prove that the defendant

118—65

could have averted the plaintiff's injury. The engineer had passed him standing off the track, and there was no evidence that he could have given him warning of the separation in the time between his stepping back on the track and his injury. We do not mean to say that his Honor should have submitted the issue tendered by the plaintiff, even if there had been testimony going to show that the defendant could have avoided the injury by the exercise of ordinary care and prudence after the intestate stepped back on the track. The issues which had been submitted were sufficient, under any phase that the testimony might present, under proper instructions from the court. *Denmark* v. *Railroad*, 107 N. C., 185 ; *Sherrill* v. *Tel. Co.*, 117 N. C., 352. But as, in refusing plaintiff's issue, his Honor also passed upon the question whether there was any testimony going to prove that the defendant could have avoided the injury, in case the jury should believe that the plaintiff contributed to his own hurt, we have discussed and passed upon the exception, and we find no error.

The first issue under instructions from his Honor, was found against the defendant and there was no appeal ; and, as we have said there was no evidence that defendant had the last clear chance to avoid doing the injury, the case resolves itself into a very narrow compass. Was the plaintiff's intestate ordinarily careful under the circumstances ? Did he act, under all the circumstances as a prudent man similarly situated would have done ? If so, he was entitled to recover ; if not, he would not be. It is the province of the court, where the facts are undisputed, or where but a single inference can be drawn from the testimony, to instruct the jury whether either of the parties has been negligent, and what culpable act must be deemed the proximate cause of an injury. Where the facts are in dispute, or more than one inference might be drawn from the

testimony by fair-minded men, it is the duty of the court
to instruct the jury, when requested to do so, whether, in
any aspect of the case arising out of the testimony, the acts
of either party would constitute culpable carelessness ; but
in such cases it is always the province of the court to tell
the jury that they are to determine whether, under all the
circumstances, the party charged with culpability acted as
would the ideal prudent man, and to make their .verdict
depend upon their decision of that question. *Tillett* v.
*Railroad,* at this Term (*post,* 1031); *Railroad* v. *Craw-
ford,* 24 Ohio St., 631. Though the facts in this case,
as to the intestate's contributory negligence, were undis-
puted, yet his Honor took the view that more than
one inference might be drawn from the testimony and sub-
mitted the question to the jury. The plaintiff made no
exception to this course. It was in proof that the intes-
tate's home was near the place where he was killed, and he
was going home on that day ; that the train was a freight
train ; that all the caboose cars were painted green, differ-
ent from the color of box cars, and that a caboose is
attached to every freight train ; that there was no obstruc-
tion which could have prevented the deceased from seeing
the cars if he had looked ; and that some of the witnesses
said that the deceased was under the influence of liquor,
and others that he had only drunk a small quantity. There
was enough testimony, going to show negligence on the part
of the plaintiff's intestate, to be submitted to the jury, they
being the sole judges of its weight and importance. His
Honor charged the jury :

"The law requires of persons who enter on a railroad
track to exercise the ordinary care of prudent persons in
like circumstances, and they are required to look and
listen and to take notice of danger which they could so
discover, and they are accordingly required to look both

ways; but in a case like this the matter is left to the jury
to say, on the whole evidence and under all the circum-
stances, whether the intestate was in the exercise of the
ordinary care of a prudent person in failing to observe and
take note of his danger, with this special direction which
the evidence makes pertinent—that, if the failure to
observe or note the danger was caused by his being drunk
or under the influence of liquor the plaintiff cannot
recover, and in such case the jury should answer the sec-
ond issue, 'Yes.' With this special direction the matter is
submitted to the jury to say, on the whole evidence,
whether the deceased was in the exercise of the ordinary
care of a prudent person in going upon the track just
after the front section of the train had passed, and failing
to observe and note the danger from rear cars, the
plaintiff contending that his intestate had a right to sup-
pose that all the train had passed and that no cars were
so near behind the others, and that there was no danger
in that direction; and defendant contending that the
deceased was negligent in any event for going on the
track without looking both ways, and he should have
known that all of the train had not passed, because the
caboose is always of a different color, and this was behind
the rear cars."

The exceptions to the charge, though varied in form, are
all directed to this portion, or other parts embracing the
same proposition and statements.

We see no error in the charge. There was no exception
to the admissibility of the evidence going to show that the
deceased was under the influence of liquor. The exception
to the charge bearing on this point of evidence was that
his Honor stated, as if the fact were found or admitted, that
the deceased was under the influence of liquor. The lan-
guage used by the court was : " If the failure (of defend-

ant) to observe or note the danger was caused by his being drunk or under the influence of liquor, he cannot recover." It would have been better if the court had told the jury that, if they found from the testimony that deceased was under the influence of liquor, and that that was the cause of his failure to get off the track, and that he thereby contributed to his own hurt, he could not recover. We cannot believe, however, that the jury understood his Honor to mean for them to take as a matter certain, at his hand, that the deceased was under the influence of liquor, regardless of the testimony. The testimony was conflicting, and some of it went so far as to state that the defendant was not drinking at all.

We think it unreasonable that the jury should have been misled by the charge of the judge, or should have understood him to mean to declare as a fact found by himself that the deceased was drunk or under the influence of liquor. With the exception that the plaintiff's intestate was entirely sober, and that there were fewer elements of contributory negligence on his part, the case of *Breckinfelder* v. *Railroad*, 79 Mich., 560, is like the case before us. In that case, two box cars were detached from the engine and the front ones, and the plaintiff's intestate, not looking in the direction from which the train came, stepped in the interval—only a few feet—and was run over and killed by the rear cars, and the Court said : " The only negligence or want of care that can be imputed to the plaintiff's intestate is that he did not look west to see if cars were approaching before stepping on the track. Had he done so, he would have seen the box cars coming, and so near that he could not get across safely. He was neither deaf nor blind, and was in the possession of the ordinary faculties of mankind. He was familiar with railroad and had crossed the track at Adams street for years. He had

seen the train pass west.  It was passing him going east, as he was crossing from the west to the east side of Adams street, and had cleared the street as he reached the sidewalk.  Was it a natural conclusion under such circumstances for a man of ordinary prudence to form, that he might safely cross the track upon the sidewalk as soon as the receding train allowed him to do so, and was he justified as a prudent man to act upon such conclusion without looking to see if there would be danger from other cars following closely after the receding train?  If a person attempts to cross a street upon a crossing in a crowded thoroughfare, the natural impulse would be to pass in the rear of a passing vehicle; but he would be foolhardy and careless if he attempted to do so without looking to see if another team was not approaching, in such proximity as to make the attempt dangerous; and, if he should run directly in front of another team and was injured, he would have himself alone to blame.  But is the ordinary method of using railroad tracks such that one familiar with their use may ordinarily expect one train or cars upon the same track to be closely following another?  I think not.  It was for the jury to say whether he took that care and caution, under all the circumstances which surrounded him, that a prudent man, exercising ordinary caution, should have exercised.  It was proper to submit the question to the jury."

The exceptions to the charge of the court were numerous, but, as we have said, they are all directed to the parts which we have discussed, and we are of opinion that there is no error and the exceptions not well taken.

No Error.