J. F. LITTLE v. CAROLINA CENTRAL RAILROAD COM-
PANY.

*Action for Damages—Railroads—Injury to Person on
Track—Negligence—Contributory Negligence—Reason-
able Care—Evidence—Instructions.*

1. Where, in the trial of an action for damages, one issue was
   whether plaintiff was injured by defendant's train, and it
   was admitted by the defendant that plaintiff was hurt by
   being struck by the defendant's train, it was proper to direct
   the jury to answer the issue in the affirmative.

2. In the trial of an action for damages it appeared that plaintiff
   attempted to walk across a trestle on defendant's road, and
   while so doing was struck by a train and injured. The tres-
   tle was about 300 feet long and 50 high. Before going on the
   trestle, plaintiff saw a signboard warning all persons not to
   cross it, and he knew, too, that it was about time for a train
   to pass. *Held*, that it was not error to direct the jury to find
   the plaintiff was guilty of contributory negligence.

3. Where, in the trial of an action involving the questions of negli-
   gence and contributory negligence, the facts are undisputed
   and but a single inference can be drawn from them, it is the
   exclusive duty of the court to determine whether an injury
   has been caused by the negligence of one party or the con-
   current negligence of both parties; hence.

4. Where, in the trial of an action for damages, it appeared that
   plaintiff, while crossing a long high trestle, saw a train com-
   ing and got out on the cap-sill, but was struck by some part
   of the train; that workmen repairing the bridge often
   took that position to avoid passing trains without in-
   jury; that the engineer saw plaintiff on the trestle, and
   slowed down; that seeing plaintiff go out on the cap-sill,
   and thinking he was safe, he did not stop his train, but
   crossed the trestle at the usual rate of speed; *Held*, that it
   was not error to instruct the jury, if they believed the testi-
   mony, to find that the engineer had exercised reasonable
   care.

5. It was not error to permit the defendant to show that workmen

LITTLE *v.* RAILROAD COMPANY.

often took a position on the cap-sill of the trestle to avoid passing trains, and that no one had ever been injured while in such position.

6. The trial judge, having at the request of plaintiff put his charge in writing, read 'and handed it to the jury and allowed them to carry it to the jury room. The plaintiff objected upon the ground that the court had not been requested to hand the written charge to the jury. Thereupon, and after his Honor had offered to withdraw the written charge from the jury in whose possession it had been about five minutes, the defendant requested that the jury be permitted to keep the written charge in accordance with the Act (Ch. 187, Acts of 1885) ; *Held,* that it was not error, upon such request of the defendant, to permit the jury to retain the written charge.

7. While recapitulating the evidence to the jury, the trial judge referred to the answer of the defendant which had been put in evidence by the plaintiff, as appearing " to be in the usual legal form." *Held,* that such remark was not an expression of opinion upon the evidence.

ACTION for damages, for an injury alleged to have been caused by the negligence of defendant company, tried before *Brown, J.,* and a jury, at Spring Term 1896, of UNION Superior Court.

The issues and responses were as follows :

" (1). Was plaintiff injured by defendant's train ? Answer, Yes. (2) Did plaintiff, by his own negligence, contribute to his own injury ? Answer, Yes. (3) Notwithstanding the contributory negligence of plaintiff, did defendant's engineer exercise ordinary care to prevent the injury ? Answer, Yes. (4) What damage, if any, has plaintiff sustained ? _____."

The facts sufficiently appear in the charge of his Honor, *Judge Brown,* and in the opinion of Associate Justice MONTGOMERY.

During the trial the following evidence was permitted to be read before the jury from the notes of the testimony

of Randall : "My hands would, when working on the trestle when a train passed, get out and sit on the cap-sills, and let the train pass." To this testimony the plaintiff objected. Objection overruled. Plaintiff excepted.

The court reduced the charge to writing at request of plaintiff, and signed it, and after reading it to the jury, and recapitulating all the evidence, handed it to the jury, and allowed them to carry it to the jury room ; and the plaintiff objected upon the ground that the court had not been requested to hand the charge to the jury. After looking at the act of 1885 the court remarked that the law required him to give it to the jury at the request of either party. Thereupon, the defendant's counsel requested that the court should permit the jury to keep the written charge, in accordance with the act. At the time this request was made by defendant, the jury had been absent from the court room about five minutes, and the court had offered to withdraw the written charge from the jury. But being requested by defendant as aforesaid, the court permitted the jury to keep it. Plaintiff excepted.

In recapitulating the evidence the court took up the answer of the defendant, which had been put in evidence by the plaintiff, and said to the jury : " This is the answer of defendant. It appears to be in the usual legal form. The contents of it are put in evidence by plaintiff in support of his case." Plaintiff objected, and excepted to the court's using the words, " in the usual legal form," as being an expression of opinion upon the evidence. Objection overruled, and exception by plaintiff. The court read the answer to the jury. The court read over, from its written notes, to the jury, all the evidence in the case, and then gave in writing and read to the jury the following written charge : " It is admitted that the plaintiff was injured by defendant's train striking him. You are therefore

directed to answer the first issue ' Yes.' When the plaintiff saw the sign of warning posted at trestle, as he says he did, it was his duty not to go on the trestle. Upon plaintiff's own testimony he is guilty of contributory negligence, and you are directed to answer the second issue ' Yes.' " To above portion of the charge the plaintiff excepted. " Although plaintiff may have been careless, and guilty of contributory negligence, yet it was still the duty of the engineer to use ordinary care to prevent the injury. The defendant admits that the engineer saw the plaintiff on the trestle in time to have stopped the train. When the engineer saw plaintiff's position, although plaintiff is guilty of negligence himself, it was the engineer's duty to use ordinary care to prevent injuring the plaintiff. Whether or not the engineer did, under all the circumstances, exercise such ordinary care, is the subject of the third issue. It being admitted that the engineer could have stopped, and did not, it is the duty of defendant to show to the satisfaction of the jury but not beyond a reasonable doubt, that although the engineer did not come to a stop, yet he exercised ordinary care under the circumstances to prevent the injury. The engineer is not expected to exercise infallible judgment, but only ordinary and reasonable care. The credibility of testimony is a matter exclusively for the jury. As to whether the jury believed the evidence is a matter for the jury. Taking all the evidence together as a whole, if you believe the testimony to be true, the plaintiff cannot recover, and it is your duty to answer the third issue ' Yes '; for, if the testimony is to be believed, the engineer did exercise reasonable and ordinary care under the circumstances." To above portion of charge plaintiff excepted. " If the jury answer the third issue ' Yes,' then the plaintiff will not be entitled to any damages, and they need not answer the fourth issue. If the

jury do not believe the evidence to be true, and shall find that ordinary care to prevent the injury was not exercised by the engineer, then plaintiff will be entitled to recover, under the fourth issue, such actual damage as he has sustained, actual expense in nursing, loss of time, loss from inability to perform mental or physical labor, or capacity to earn money, and actual mental or bodily suffering."

There was judgment for the defendant upon the verdict; motion for a new trial was refused, and plaintiff appealed.

*Mr. F. I. Osborne*, for plaintiff (appellant).

*Messrs. L. R. Watts* and *MacRae & Day*, for defendant.

MONTGOMERY, J. : The following issues (without objection) were submitted to the jury :

" 1. Was plaintiff injured by defendant's train ?

" 2. Did plaintiff by his own negligence contribute to his injury ?

" 3. Notwithstanding the contributory negligence of plaintiff, did defendant's engineer exercise ordinary care to prevent the injury ?

" 4. What damage, if any, has plaintiff sustained ?"

His Honor's direction that the jury should answer the first issue " Yes " was proper, for it was admitted that the plaintiff was hurt by being struck by the defendant's train. He told the jury that upon the plaintiff's own testimony he was guilty of contributory negligence, and directed them to answer the second issue " Yes." The plaintiff excepted. The instruction was a correct one, and the exception is not sustained. The plaintiff had testified that the trestle upon which he was injured was one hundred yards long and fifty feet high ; and that hands were at work repairing it at the further end ; that he saw when he got

on the trestle a sign-board notifying persons not to go on the trestle, and that when he went on it he knew it was about time for a train to come along.

Beyond question he contributed to his own injury. Under the circumstances it was his duty not to go on the trestle. It was decided in *Clark* v. *Railroad,* 109 N. C., 430, that a person who places himself on a railroad trestle so high as to make it perilous for him to jump to the ground, is negligent, and that he is guilty of contributory negligence if he is injured by a passing train.

In reference to the third issue his Honor instructed the jury that even if the plaintiff was guilty of contributory negligence it was yet the duty of the engineer to use ordinary care to avoid injuring him. It was admitted by the engineer that he could have stopped the engine in time to prevent the injury of the plaintiff but that he did not; and his Honor told the jury that the defendant had to show to their satisfaction that although he did not stop the train he yet exercised ordinary care under all the circumstances to prevent the plaintiff's injury. He further told the jury that the engineer was not expected to exercise infallible judgment but only ordinary and reasonable care; and that "taking all the evidence together, as a whole, if you believe the testimony to be true, the plaintiff cannot recover, and it is your duty to answer the third issue ' Yes,' for if the testimony is to be believed the engineer did exercise reasonable and ordinary care under the circumstances." The plaintiff excepted.

We are of the opinion that his Honor's instructions on the third issue were correct. The uncontradicted testimony was that this trestle was being repaired at the time of the accident, the workmen being then engaged, and had been for some considerable length of time just before ; that frequently, probably every day, the workmen had stepped

off the track on to the cap-sills on the side of the track at the approach of trains, and none of them were ever harmed. One witness testified that " it was a common thing for the railroad hands, every day, to get on the cap-sills of this trestle, and let trains pass." It was uncontradicted that the cap-sills extended a sufficient distance from the track to allow two men to stand on each one without harm or injury as the trains would pass over the trestle, and that the engineer in charge of the engine, on the occasion of the accident, had frequently seen the workmen get on the cap-sills for safety on the passing of trains. The engineer testified that, from the conduct of the plaintiff at the time of his injury, he believed the plaintiff was a workman of the railroad, and that as he had frequently done before he moved his engine on at the usual speed in crossing trestles; that the plaintiff, just as the hands were accustomed to do on the passing of trains, stepped off the track on to the cap-sill, and he thought it was a safe position, as he had often passed in like circumstances the workmen of the railroad without injury to them. It seems to us from the evidence that the engineer acted as a prudent man should have acted under all the circumstances. His conclusion that the plaintiff, from his conduct on the trestle, was a railroad workman, and that he had gotten on the cap-sill for safety, was a reasonable conclusion ; and, that being so, he was not negligent in driving his engine on at the usual speed in crossing trestles, for no workmen had ever been injured under like circumstances. It is true that an engineer, situated as this one was at the time of this accident, is required, if there be a reasonable doubt as to what course to pursue, to so act as to protect life. But he is not required to provide against contingencies which he reasonably has no ground to believe would happen ; he is not compelled to provide against the unexpected, the unusual,

the extraordinary.   *Blue* v. *Railroad*, 116 N. C., 955; *Tillett* v. *Railroad*, 118 N. C., 1031. The facts in this case are undisputed, and we think that the only inference that could be drawn from them by fair-minded men is that the defendant acted as a prudent man should have acted under all the circumstances, and that it used ordinary care to prevent the injury.   " Where the facts are undisputed and but a single inference can be drawn from them, it is the exclusive duty of the Court to determine whether an injury has been caused by the negligence of one or the concurrent negligence of both of the parties." *Russell* v. *Railroad*, 118 N. C., 1098.   To the same effect are *Ellerbee* v. *Railroad*, 118 N. C., 1024, and *Hinshaw* v. *Railroad*, Ibid., 1047.

The objections made by the plaintiff to the testimony ought to have been overruled, as they were, by his Honor. We have examined all the other exceptions made by the plaintiff to the rulings of the court, and they ought not to be sustained.

No Error.