## STATE v. L. W. ARROWOOD.

### (Filed 14 May, 1924.)

**Criminal Law—Statutes—Infanticide—Homicide—Concealment of Birth of New-born Infant—Burying—Evidence—Presumption—Burden of Proof—Directing Verdict—Appeal and Error.**

> Under the provisions of C. S., 4228, making it a felony for any person to conceal the birth of a new-born child by secretly burying or otherwise disposing of its dead body, it is reversible error for the trial judge to direct a verdict of guilty upon evidence tending to show that the defendant found the dead body of the infant in a state of decomposition and therefore buried it, and had informed the authorities thereof and directed them where he had buried it, it being required of the State to rebut the common-law presumption of innocence by establishing the defendant's guilt beyond a reasonable doubt.

APPEAL by defendant from *Ray, J.,* at October Term, 1923, of RUTH-ERFORD.

Criminal prosecution, tried upon an indictment charging the defendant with endeavoring to conceal the birth of a new-born child by secretly burying or otherwise disposing of its dead body, in violation of C. S., 4228.

The State offered four witnesses, who testified in effect that Bonnie Arrowood gave birth to a child on Sunday night, 5 August, 1923. On Tuesday following, this fact was discovered by the county physician, after he had been called to make an examination of the said Bonnie Arrowood. The defendant testified before the coroner's jury that he knew nothing of the infant until he found its dead body in the field, about 100 yards from the house, late Thursday evening, 9 August, and, on account of its decomposed condition, he put it in a tow-sack and buried it. On the following morning the defendant reported the finding of the body to Ike Flack, postmaster at Thermal City, and requested him to notify the authorities about it. The defendant showed the coroner's jury where the body was buried and assisted them in digging it up.

The defendant offered no evidence.

Under a peremptory instruction from the court, the jury returned a verdict of "guilty." From a judgment of 5 years at hard labor in the State's Prison the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Stover P. Dunagan for defendant.*

STACY, J., after stating the case: At the close of the evidence, his Honor instructed the jury as follows: "Gentlemen of the jury, if you

believe this evidence, beyond a reasonable doubt, you will return a verdict of guilty. Take the case." The defendant excepts to this instruction, and the same is assigned as error. The exception is well taken, and, under a uniform line of decisions, it must be held for reversible error. *S. v. Murphrey,* 186 N. C., 113; *S. v. Estes,* 185 N. C., 752; *S. v. Alley,* 180 N. C., 663; *S. v. Boyd,* 175 N. C., 793.

The defendant entered on the trial with the common-law presumption of innocence in his favor. His plea of not guilty cast upon the State the burden of establishing his guilt, not merely to the satisfaction of the jury, but beyond a reasonable doubt. The evidence here was not compelling. The jury might have been satisfied, beyond a reasonable doubt, of the truth of all that was said by the witnesses, and yet acquitted the defendant. "If any person shall, by secretly burying or otherwise disposing of the dead body of a new-born child, endeavor to conceal the birth of such child, such person shall be guilty of a felony," is the language, in part, of the statute under which the defendant stands indicted. C. S., 4228. Furthermore, it is error for the trial court to direct a verdict in a criminal prosecution where there is no admission or presumption calling for explanation or reply on the part of the defendant. *S. v. Hite,* 141 N. C., 769; *S. v. Riley,* 113 N. C., 651.

New trial.