STATE v. BUCK HORNER.

(Filed 29 October, 1924.)

**Criminal Law—Assault with Deadly Weapon—Evidence—Instructions—Appeal and Error.**

> Where there is evidence on behalf of the State to convict the defendant of an assault with a deadly weapon, and to the contrary on defendant's behalf, a reasonable inference that the defendant had only acted in self-defense, it is reversible error for the trial judge to instruct the jury to convict upon all the evidence, if they believed it.

INDICTMENT for affray and assault with a deadly weapon, tried before *Cranmer, J.,* and a jury, at August Term, 1924, of ALAMANCE.

The witnesses examined being the prosecutor, Everett Boggs and defendant, Buck Horner, at the close of the evidence his Honor stated that, as a matter of law, if they believed defendant's testimony, defendant was guilty of an assault with a deadly weapon, and charged the jury that they should so find. Verdict, guilty. Judgment. Defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John J. Henderson for defendant.*

HOKE, C. J. On the trial the prosecutor testified for the State that defendant approached the prosecutor, in front of Dorsett's store in Burlington, and, after a few words, commenced cutting witness with a knife, when witness retreated within the store and was pursued therein by defendant. There was other testimony tending to corroborate prosecutor's statement.

Defendant, a witness in his own behalf, testified as follows: "That he met the prosecuting witness, Boggs, in front of the store of Mr. Dorsett, in the city of Burlington, and asked Boggs what it was that he had told defendant's little brother; that thereupon witness Boggs called the defendant a 'damn son of a bitch,' and struck defendant on the head with an ale bottle; that defendant, upon the attempt of Boggs to strike him again, knocked witness Boggs down, and thereupon Boggs attacked the defendant with a chair; that the defendant then, in order to defend himself, he being a much smaller man than witness Boggs, took his knife out of his pocket and, as Boggs advanced upon him, cut witness Boggs; that thereupon witness Boggs ran to a crate of empty ale bottles and commenced throwing the bottles at defendant; that defendant, who was then within five or six feet of witness Boggs, was afraid to run

away, for fear of being stricken with the bottles that the witness Boggs was throwing, and advanced upon Boggs, who thereupon retreated within the store and secured full bottles of ale, and was throwing same at the defendant, who was only a distance of five or six feet removed from him; that the witness Boggs had access to a crate or two of full ale bottles, and continued to hurl same upon the defendant, the defendant fearing to retreat or turn his back upon Boggs while he was within reach of the bottles being thrown, advanced and closed with the witness Boggs, and, while Boggs was using a full bottle to club defendant over the head, defendant again cut the witness Boggs. Bystanders then separated the two men."

While the evidence on the part of the State, if accepted by the jury, would clearly establish defendant's guilt, from defendant's own testimony there is a permissible inference that defendant fought in his necessary self-defense, and there was error in his Honor's ruling that defendant was guilty, on his own statement. *S. v. Hill,* 141 N. C., p. 769; *S. v. Hough,* 138 N. C., p. 663; *S. v. Matthews,* 78 N. C., p. 523. And in no event, on the facts of this record, could the court direct the jury as to the verdict they should render. *S. v. Estes,* 185 N. C., p. 752; *S. v. Singleton,* 183 N. C., p. 738; *S. v. Alley,* 180 N. C., p. 663; *S. v. Boyd,* 175 N. C., p. 793; *S. v. Hill,* 141 N. C., p. 769; *S. v. Green,* 134. N. C., p. 658; *S. v. Riley,* 113 N. C., p. 651.

For the errors indicated, there must be a new trial of the cause, and it is so ordered.

New trial.