## STATE v. V. M. RAWLS.

(Filed 16 March, 1932.)

**Partnership G a—In prosecution for appropriation of partnership funds fraudulent intent is essential element to be found by the jury.**

> N. C. Code of 1931, sec. 4274(a), relating to appropriation of partnership funds by one of the partners, provides that fraudulent intent to deprive his copartners of the use of the funds is an ingredient of the offense, and such fraudulent intent is an essential element of the crime and must be proved by the State, and in a prosecution under the statute an instruction that the jury should return a verdict of guilty if they found beyond a reasonable doubt the facts to be as the evidence tended to show, is error, the question of fraudulent intent being a question for the jury to determine from the evidence.

APPEAL by defendant from *Cranmer, J.,* and a jury, at January Term, 1932, of PITT. New trial.

The evidence tends to show that there was a partnership between the defendant Rawls and F. B. Hooker, to the effect that Rawls, the defendant, would furnish a truck and do the selling and that Hooker would furnish certain merchandise to be sold; that they would divide the expense of gas and oil and divide the profits and losses of the business equally. That they settled weekly. That in their business conducted by the defendant in Pitt County, he was short $227.48. That Rawls and Hooker had a conference, in which Rawls stated to Hooker that he had

been "crooked," and also stated to Williams, an employee of Hooker, that he had "played hell." That defendant went around with Hooker and Williams and indicated on the books of the partnership the amounts that had been paid and had not been accounted for by him to Hooker, and that Hooker had settled with him on the basis of this shortage of $227.48 and had paid him his part of the profits, and that these items are charged upon the books of the concern, when in truth they had been paid and the money retained by Rawls.

The court, after reciting the above evidence, charged the jury as follows: "So you have heard the evidence, gentlemen of the jury. The evidence of the State is uncontradicted, the defendant offering no evidence and not going on the stand himself. (I instruct you, gentlemen of the jury, that if you find beyond a reasonable doubt the evidence to be as the facts tend to show, to return a verdict of guilty.)" To the foregoing portion of the charge in brackets the defendant excepted and assigned error.

The jury returned a verdict of guilty against the defendant. The court below rendered judgment on the verdict. The defendant excepted, assigned error and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Shaw & Jones for defendant.*

CLARKSON, J. The defendant is indicted under the following statute: "Any person engaged in a partnership business in the State of North Carolina who shall, without the knowledge and consent of his copartner or copartners, take funds belonging to the partnership business and appropriate the same to his own personal use with the fraudulent intent of depriving his copartners of the use thereof, shall be guilty of a misdemeanor. Any person or persons violating the provisions of this section, upon conviction, shall be punished as is now done in cases of misdemeanor." N. C. Code of 1931, Anno., C. S., 4274(a) (Michie), Public Laws 1921, chap. 127.

It will be noted that the statute under which defendant is indicted, makes one of the ingredients "with the fraudulent intent of depriving his copartner of the use thereof." This is not a common-law offense, but a statute of recent years, and the fraudulent intent is an essential element of the crime. The court below charged the jury: "I instruct you, gentlemen of the jury, that if you find beyond a reasonable doubt the evidence to be as the facts tend to show, to return a verdict of guilty." Defendant excepted and assigned error. We think the exception and assignment of error must be sustained.

The law is thus stated in *S. v. McDonald,* 133 N. C., at p. 684, citing authorities: "The rule of law, with some exceptions, which do not apply to our case is this: That when an act is forbidden by law to be done, the intent to do the act is the criminal intent and the law presumes the intent from the commission of the act; but when an act becomes criminal only by reason of the intent, unless the intent is proved the offense is not proved, and this intent must be found by the jury as a fact from the evidence. It is for them to infer it, and not for the court." *S. v. Morgan,* 136 N. C., at p. 630; *S. v. Falkner,* 182 N. C., at p. 795-6; *S. v. Lancaster, ante,* at p. 210.

The fraudulent intent in this case was a question of fact for determination by the jury and not an inference of law for the decision of the court. In *S. v. Estes,* 185 N. C., at p. 754, we find: "But where, as an inference of law the uncontradicted evidence, if accepted as true, establishes the defendant's guilt it is permissible for the court to instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. *S. v. Vines,* 93 N. C., 493; *S. v. Winchester,* 113 N. C., 642; *S. v. Riley, ibid.,* 648; *S. v. Woolard,* 119 N. C., 778."

Our conclusion is not at variance with the law as above stated. What the defendant said, as testified to by the State's witnesses, was strong evidence of fraudulent intent, but the intent was a question of fact not an inference of law. *S. v. Singleton,* 183 N. C., 738; *S. v. Arrowood,* 187 N. C., 715; *S. v. Horner,* 188 N. C., 472; *S. v. Hardy,* 189 N. C., 799; *S. v. Strickland,* 192 N. C., 253.

The testimony of the State's witnesses was to the effect that defendant did the act, but was it done with fraudulent intent as the statute condemns? This aspect should have been left to the jury under proper instructions.

In *S. v. Dowd,* 201 N. C., at p. 716, speaking to the subject: "Under these circumstances whether he took the oath wilfully and corruptly was a matter for the jury to determine and not a conclusion of law. The following instruction, therefore, entitles the defendant to a new trial: 'If you find the facts to be as testified to and believe all the evidence in the case, you will return a verdict of guilty.'"

The learned and painstaking judge unintentionally, no doubt overlooked that phase where fraudulent intent was an ingredient of the offense.

In *S. v. Green,* 134 N. C., at p. 661, we find: "In the administration of the criminal law, it is wise to observe the 'landmarks,' and preserve the well-defined rights and duties of the court and jury." For the reasons given, there must be a

New trial.