the principle approved in *Britt v. R. R.,* 148 N. C., 37, 61 S. E., 601, as follows: "The exception to the general rule that witnesses cannot give opinions is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning, but it includes the evidence of common observers testifying the results of their observations made at the time in regard to common appearances, facts and conditions which cannot be reproduced and made palpable to a jury." This statement of law was approved in *Marshall v. Tel. Co.,* 181 N. C., 292, 106 S. E., 818.

The merits of the controversy involve an issue of fact, and the verdict is determinative.

Affirmed.

## STATE v. R. T. PARDUE.

(Filed 14 December, 1932.)

**Embezzlement B d—Directed verdict against defendant held error, question of fraudulent intent being for the jury.**

> Under the evidence in this prosecution for embezzlement a charge directing a verdict against the defendant was error, the question of fraudulent intent being for the jury.

APPEAL by defendant from *Moore, J.,* at March Term, 1932, of WILKES.

Criminal prosecution tried upon an indictment charging the defendant with embezzlement.

The State's evidence tends to show that W. C. Pierce had a contract with the Delco Light Company to sell their products in certain territory on a 20 per cent commission basis. A portion of the territory was "sublet," as it were, to the defendant on equal division of commissions. Collections were made on a number of sales and the entire proceeds thereof used by the defendant.

The testimony of the defendant is to the effect that the lighting plants and fixtures were sold to him by Pierce to be paid for as and when collections were made from customers. Certain collections were made and used by the defendant, but he says: "It was not Mr. Pierce's money. It was my money. In a way it was my money and in a way it was his. I bought the stuff and gave Mr. Pierce a check. It was understood that when I collected this money I was to pay him, and I tendered him what I had collected."

At the close of the evidence, the court instructed the jury as follows: "Gentlemen of the jury, I will have to charge you that if you believe

the evidence in this case, beyond a reasonable doubt, even the defendant's own testimony beyond a reasonable doubt, you will return a verdict of guilty." Exception.

From an adverse verdict and judgment thereon the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. H. Whicker for defendant.*

PER CURIAM. The case is controlled by *S. v. Rawls,* 202 N. C., 397, 162 S. E., 899, where a similar instruction, which failed to include the element of fraudulent intent, was held for error.

New trial.

---

CAROLINE DEMPSTER v. JOHN FITE.

(Filed 14 December, 1932.)

1. **Appeal and Error G b—Exceptions not set out in brief are deemed abandoned.**

   Exceptions not set out in appellant's brief, or in support of which no reason is stated or authority cited, are deemed abandoned.

2. **Damages C b—Evidence held not to show causal connection between prior injury and injury in suit.**

   In an action to recover damages for a negligent personal injury the plaintiff testified that prior to the injury in suit she had been injured in another accident in which her pelvic bone had been broken in three places, but there was evidence that after the first injury she had returned to work and that the injury had gotten well, that upon returning to work she had no symptom of pain in her back, that she continued to work until the date of the injury in suit, some eight months later, that immediately after the injury in suit she complained of pain in her back, together with medical expert testimony based on X-ray pictures taken after the injury in suit that two vertebræ of plaintiff's backbone were fractured and that the injury resulted from the accident in suit, that after the injury in suit the plaintiff had not suffered pain in the region of the former injury, *is held* not to establish a causal connection between the prior injury and the injury in suit.

3. **Evidence K d—Facts assumed in hypothetical question need not be stated upon finding by jury from "greater weight" of evidence.**

   A hypothetical question asked the plaintiff's medical expert witness upon the assumption that the jury find from the evidence the facts to be as