Criminal prosecution tried upon an indictment charging the defendant with embezzlement.
The State's evidence tends to show that W. C. Pierce had a contract with the Delco Light Company to sell their products in certain territory on a 20 per cent commission basis. A portion of the territory was "sublet," as it were, to the defendant on equal division of commissions. Collections were made on a number of sales and the entire proceeds thereof used by the defendant.
The testimony of the defendant is to the effect that the lighting plants and fixtures were sold to him by Pierce to be paid for as and when collections were made from customers. Certain collections were made and used by the defendant, but he says: "It was not Mr. Pierce's money. It was my money. In a way it was my money and in a way it was his. I bought the stuff and gave Mr. Pierce a check. It was understood that when I collected this money I was to pay him, and I tendered him what I had collected."
At the close of the evidence, the court instructed the jury as follows: "Gentlemen of the jury, I will have to charge you that if you believe *Page 697 
the evidence in this case, beyond a reasonable doubt, even the defendant's own testimony beyond a reasonable doubt, you will return a verdict of guilty." Exception.
From an adverse verdict and judgment thereon the defendant appeals, assigning errors.
The case is controlled by S. v. Rawls, 202 N.C. 397, 162 S.E. 899, where a similar instruction, which failed to include the element of fraudulent intent, was held for error.
New trial.