## N. T. FARMER v. W. H. WILLARD.

When the "statement of the case" or any part thereof on an appeal to this Court, conflicts with the record paper, the latter must prevail, because it imports absolute verity. The "statement of the case" is not a part of the record proper.

Where in an action to recover the value of a tract of land from the purchaser, an issue was submitted to the jury as to its value, and the jury responded "we find all issues in favor of the plaintiff, and assess his damage at $2,000": *Held*, that said amount bears interest from the time it fell due by the contract of sale.

(*Judge* v. *Houston*, 12 Ired. 108, cited and approved.)

MOTION, by defendant, to set aside a judgment of this Court, made at the January Term, 1876.

The grounds upon which the motion was based are sufficiently set forth in the opinion of the Court.

26

*Merrimon, Fuller & Ashe,* for the defendant.
*Smith & Strong,* contra.

BYNUM, J. This case was decided by this Court at the June Term, 1874, 71 N. C. Rep., 284, and final judgment was entered up at the January Term, 1876, *nunc pro unc,* for $30.85, of which $2,000 is principal money, and bears interest from the 20th April, 1874, being the same judgment which was rendered at that time in the Court below, and from which judgment the case was brought to this Court by appeal.

The motion now is, to set aside the judgment rendered in this Court, upon the ground, first, that it is not the judgment given in the Court below ; and second, that it is not warranted by the verdict of the jury.

The first ground is not supported by the record, as appears by the transcript, sent with the appeal, to this Court. The judgment is rendered in the Court below " for $3,085.00, of which $2,000 is principal and 1,085.00 is interest, and cost of action to be taxed by the Clerk, with interest on said principal until paid ;" and this judgment is signed by the Judge presiding. It is true, that in the "statement of the case" on appeal to this Court, it is stated that the interest was afterwards stricken out by the Court, as it was not allowed by the jury. But this statement is not a part of the record proper, and where it conflicts with the record proper, the latter must prevail, because it imports absolute verity. The record does not show that any part of the judgment was stricken out, or that any motion or order was made to that effect. *Judge* v. *Houston,* 12 Ired., 108.

The second ground is, that the jury found the issue "in favor of the plaintiff and assessed his damage at $2,000," and that upon this verdict the Court was not warranted in computing interest backward from April, 1865, the date of the sale of the land. We think otherwise.

The plaintiff declared for the value of the land sold by him to the defendant on the 1st April, 1865. The material question was, what was the value of the land at that date? To fix that, this issue was submitted to the jury: " What was the value of the land?" The jury responded : " We find all issues in favor of the plaintiff, and assess his damage at $2,000."

The jury evidently meant, " we find the value of the land to be $2,000 ;" otherwise, the verdict would not be responsive to the issue submitted, or to the prayer of the complaint, or in consonance with the statement of the case. No issue submitted involved the question of " damage," and we must construe the finding by reference to the issue ; for, by doing so, the verdict is made certain, and can be upheld.

The verdict having found the value of the land sold, the statute gave interest upon that sum from the time it fell due by the contract, to-wit : the first day of April, 1865. By law, the principal also bears interest from the rendition of the judgment. Rev. Code, chap. 31, sec. 90. It was not necessary for the jury to give interest. The law gives it, and the Court was authorized to give judgment accordingly. Justice certainly requires that the debt for the land should bear interest from the time the plaintiff parted with it and the defendent went into possession.

PER CURIAM.                          Motion disallowed.