STATE v. JOHN KEETER and another.

*Practice—Appeal—Forgery.*

1. Where there is a repugnancy between the "record" and the "case," the record controls.
2. No appeal lies from an order setting aside a verdict of guilty. Nor does an appeal lie at the instance of either party to a criminal action where is no final adjudication.
3. An indictment for forgery charging defendant in the first count with falsely making the forged order and causing it to be made, and in the second, with uttering and publishing the same, is in accordance with precedents and is sufficient.
4. Where one forged an order to pay "the amount of 300 and charge the same to me;" *Held*, to be indictable.

(*Farmer* v. *Willard*, 75 N. C., 401; *State* v. *Wiseman*, 68 N. C., 203; *Stevens* v. *Smith*, 4 Dev., 292, cited and approved.)

INDICTMENT for Forgery tried at Fall Term, 1878, of HENDERSON Superior Court, before *Avery, J.*

The record states that the bill charged that defendants did feloniously and falsely make, forge and counterfeit and caused to be falsely made, &c., a certain order as follows: "Mr. Jackson Barnett—Please let young lady have the amount of 300 and charge the same to me. John Sexton." And in the second count the defendants were charged with uttering and publishing the said forged order, with intent

to defraud, &c. The jury found the defendants guilty, the verdict was set aside, and solicitor for the state appealed.

From the statement of the case, it appeared that defendants moved to quash the bill, motion overruled. After the charge to the jury upon the testimony offered, there was a verdict of guilty, and thereupon the defendants moved in arrest of judgment, for that, the paper writing alleged to have been forged was neither an order "for the payment of money nor for the delivery of goods," and that the charge of falsely making in the first count should not have been joined with that of causing to be falsely made, &c., but should have been in separate counts. The motion was allowed and the solicitor for the state appealed.

*Attorney General,* for the state.
No counsel for the defendants.

SMITH, C. J. The defendants are charged in the first count with the forging, and in the second count with uttering and publishing the forged instrument described in the bill, and upon their trial were both found guilty. The record shows that the verdict was set aside and from this order the solicitor appealed. The case accompanying the record states that the judgment was arrested and from this the appeal is taken for the state. Where there is a repugnancy between the record and the case stated, the record will control. *Farmer* v. *Willard,* 75 N. C., 401.

As there has been no final adjudication, an appeal does not lie at the instance of either party. *State* v. *Wiseman,* 68 N. C., 203, and other cases therein cited.

As the exceptions taken to the sufficiency and form of the indictment must be again met upon another trial, we will dispose of them now :—

1. The form of the first count follows approved precedents,

3 Chit. Cr. Law, ch. 15, p. 1,049, and is not obnoxious to the imputation of duplicity.

2. There is no misjoinder, and the propriety of uniting the two counts is manifest from the proofs in the case.

3. The omission of any qualifying words after the figures in the forged order as set out in the indictment is not fatal to the indictment.

If the order was genuine, the omission of the word would not render it invalid, nor will it take away the criminality of the act of forging or uttering the instrument in the same form. *Stevens* v. *Smith,* 4 Dev., 292.

PER CURIAM.                                    Appeal dismissed.