The facts are stated in the opinion of Associate Justice Avery.
There is a conflict between the record proper and the statement of the case on appeal. The judge states that the judgment was suspended after a trial and verdict of guilty, it being admitted that the offense was committed in December, 1892. From the record proper it appeared that no jury was impaneled, but that the defendant was brought to the bar of the court and arraigned upon an indictment (in the usual form for carrying a concealed weapon) which was found on 16 October, 1893, whereupon the following entry was made: "Motion by defendant to quash bill of indictment. Admitted by the State that the offense was committed in the year 1892. The carrying admitted by the defendant. Motion to quash allowed. Defendant discharged. State excepts, and appeals to the Supreme Court."
"Where there is a repugnancy between the record and the case stated, the record will control." S. v. Keeter, 80 N.C. 472; Farmer v. Willard,75 N.C. 401. We must, therefore, consider the case as though it had been found on a special verdict on a plea in abatement that the offense was committed on 25 December, 1892, as charged in the indictment. The statute which was in force on 25 December, 1892 (Laws 1887, ch. 68), by limiting the punishment for carrying a concealed weapon, so that it could not exceed a fine of fifty dollars or imprisonment for thirty days, gave courts of justices of the peace exclusive (644) cognizance of the offense, and Laws 1891, ch. 26, left the jurisdiction still in the same tribunals. The later statute (Laws 1893, ch. 10), by repealing the Laws of 1887 and the amendatory Act of 1891, restored vitality to section 1005 of The Code, which leaves the punishment for carrying a concealed weapon to the sound discretion of the court, and again makes the offense solely cognizable in the Superior Court. This statute took effect on 2 February, 1893, and is still in force. The Superior Court therefore has no authority to try one who carried a concealed weapon prior to the enactment of the statute now in force and as all laws giving jurisdiction to justices of the peace have been repealed without reservation or saving clause, it would seem that offenders who violated that Act of 1887 as amended by that of 1891 are not now liable to indictment. S. v. Massey, 103 N.C. 356.
The Legislature has no more authority to give a retroactive effect to a statute making the punishment for an offense already created more *Page 470 
severe, even though it is so provided in express terms, than to subject persons to punishment under a criminal statute passed after the commission of the act for which they may be indicted. The provision of the Federal Constitution, which forbids the enactment by a State of any ex post facto
law, could, in either event, be invoked for the protection of the person charged. Ordronaux Cons. Leg., p. 223.
The judgment quashing the indictment is
Affirmed.
(645)