## STATE v. JOHN RAMSOUR.

*Practice— Case on Appeal—Record Proper—Indictment—Carrying Concealed Weapons—Jurisdiction—Ex Post Facto Laws.*

1. Where there is repugnancy between the case on appeal and the record proper, the record will control.

2. The Act of 1887 (ch. 68), as amended by the Act of 1891 (ch. 26), giving exclusive jurisdiction to Justices of the Peace of the offence of carrying concealed weapons, was in force on December 25, 1892, and where a defendant committed the offence on that date and was indicted therefor in October, 1893 under the Act of 1893 (ch. 10), which repealed the Acts of 1887 and 1891, and restored the jurisdiction to the Superior Court, the indictment was properly quashed.

3. The Legislature has no more authority to give a retroactive effect to a statute making the punishment for an offence already committed more severe, than to subject persons to punishment under a criminal statute passed after the commission of the act for which they are indicted.

Indictment for carrying concealed weapons, tried at Fall Term, 1893, of LINCOLN Superior Court, before *McIver, J.*

The facts are stated in the opinion of Associate Justice AVERY.

*The Attorney General,* for the State (appellant).
*Mr. D. W. Robinson,* for defendant.

AVERY, J.: There is a conflict between the record proper and the statement of the case on appeal. The Judge states that the judgment was suspended after a trial and verdict of guilty, it being admitted that the offence was committed in December, 1892. From the record proper it appeared that no jury was empaneled, but that the defendant was brought to the bar of the Court and arraigned upon an indictment (in the usual form for carrying a concealed weapon) which was found on the 16th of October, 1893, whereupon the following entry was made: "Motion by defendant to quash bill of indictment. Admitted by the State that the offence was committed in the year 1892. The carrying admitted by the defendant. Motion to quash allowed. Defendant discharged. State excepts, and appeals to the Supreme Court."

" Where there is a repugnancy between the record and the case stated, the record will control." *State* v. *Keeter,* 80 N. C., 472; *Farmer* v. *Willard,* 75 N. C., 401. We must, therefore, consider the case as though it had been found on a special verdict on a plea in abatement that the offence was committed on the 25th of December, 1892, as charged in the indictment. The statute which was in force on the 25th of December, 1892 (Laws 1887, ch. 68), by limiting the punishment for carrying a concealed weapon, so that it could not

exceed a fine of fifty dollars or imprisonment for thirty days, gave Courts of Justices of the Peace exclusive cognizance of the offence, and the Act of 1891, ch. 26, left the jurisdiction still in the same tribunals.   The later statute (Laws 1893, ch. 10), by repealing the Act of 1887 and the amendatory Act of 1891, restored vitality to section 1005 of *The Code*, which leaves the punishment for carrying a concealed weapon to the sound discretion of the Court, and again makes the offence solely cognizable in the Superior Court.   This statute took effect on the 2d day of February, 1893, and is still in force.   The Superior Court therefore has no authority to try one who carried a concealed weapon prior to the enactment of the statute now in force and as all laws giving jurisdiction to Justices of the Peace have been repealed without reservation or saving clause, it would seem that offenders who violated the Act of 1887 as amended by that of 1891 are not now liable to indictment.   *State* v. *Massey*, 103 N. C., 356.

The Legislature has no more authority to give a retroactive effect to a statute making the punishment for an offence already created more severe, even though it is so provided in express terms, than to subject persons to punishment under a criminal statute passed after the commission of the act for which they may be indicted.   The provision of the Federal Constitution, which forbids the enactment by a State of any *ex post facto* law, could, in either event, be invoked for the protection of the person charged.   Ordronaux Cons. Leg., p. 223.

The judgment quashing the indictment is

Affirmed.