STATE v. W. T. ESTES.

(Filed 26 May, 1923.)

1. **Obstructing Justice — Criminal Law — Officers—Health—Sanitary Inspectors—Statutes.**

Sanitary inspectors appointed by the State Board of Health, by virtue of the statute, are authorized and empowered to enter upon any premises and into any buildings or institutions for the purposes of inspection as provided by law or by regulations of the State Board of Health, pursuant to law, and one who willfully interferes with or obstructs them in the performance of their duties is guilty of a misdemeanor and subject to a fine of not less than $100 nor more than $1,000, or imprisoned at the discretion of the court. C. S., 7139, 7140.

2. **Same—Instructions—Directing Verdict—Questions for Jury.**

In an indictment against one who is charged with willfully obstructing a sanitary inspector of the State Board of Health in the discharge of his duties, the trial judge may not direct a verdict, and it is only when uncontradicted evidence, if accepted as true, establishes the defendant's guilt that he may properly instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. C. S., 7139, 7140.

3. **Same—Threats—Intimation.**

Mere words or opprobrious language with an expression of an intention to resist are not sufficient to sustain an indictment for willfully interfering with or obstructing an officer of the law in the performance of his duties, C. S., 7140, unless spoken under circumstances which are calculated to deter an officer of ordinary courage and reasonable prudence in the discharge of his duty pertaining to his office, which raises an issue of fact for the jury to determine.

APPEAL by defendant from *Ray, J.,* at November Term, 1922, of CALDWELL.

In the indictment it was charged that the defendant unlawfully and willfully did resist, hinder, delay, obstruct, and interfere with W. S.

STATE v. ESTES.

Chapel, an officer of the North Carolina State Board of Health, in the discharge of his duty as such officer.

Chapel testified that he was a sanitary inspector, employed by the State Board of Health; that on 2 October, 1922, he went to the defendant's store in Granite Falls, shook hands with him, and said, "I find you have not complied with the law with regard to your toilet"; that the defendant cursed him, and replied, "I don't want you to follow me another inch"; that the witness rejoined, "It is the law, and we have but two courses to pursue, one to persuade you and another not so pleasant"; that defendant again cursed him, and the witness asked whether the defendant meant to obstruct him as a public officer, and the defendant said that was exactly what he meant; that the witness then started out, and the defendant used obscene language. The witness further testified: "I went on out. Later he (defendant) asked me to take up the warrant, and I told him he had treated me dirty that afternoon, and I had taken up a warrant last year. Defendant at no time rose from his desk, and did not strike or offer to strike me. He made no demonstration of violence whatever. The conversation occurred in the store. The toilets that we were talking about were located at his house and on another lot."

There was no other evidence. Defendant's motion for judgment of nonsuit was denied. Thereupon the court charged the jury as to the presumption of innocence of the defendant, and that the burden was on the State to prove his guilt beyond a reasonable doubt. If there was no reasonable doubt as to the truth of the evidence, to convict the defendant, and if there was any doubt about it, to acquit. The defendant excepted to the charge. There was a verdict of guilty, on which judgment was pronounced. The defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Mark Squires for defendant.*

ADAMS, J. C. S., 7139, provides that for the faithful execution of various laws relating to the public health (ch. 118, art. 8), the State Board of Health shall organize and maintain a bureau of sanitary engineering and inspection, which shall be charged with the performance of specified duties; and by virtue of section 7140 the sanitary inspectors appointed to assist in the enforcement of the article referred to are authorized and empowered to enter upon any premises and into any buildings or institution for purposes of inspection, as provided by law, or by regulations of the State Board of Health pursuant to law. W. S. Chapel was a sanitary inspector, and on 2 October, 1922, he went to the defendant's place of business ostensibly for the purpose of enforcing

certain statutory requirements in regard to the public health, and at the meeting on that occasion of the witness and the defendant the circumstances related in the evidence took place.

His Honor instructed the jury to convict the defendant if they had no reasonable doubt as to the truth of the evidence; and the appeal presents the question whether the evidence, if true, necessarily establishes the defendant's guilt. The statute is as follows: "Any person or persons who willfully interfere with or obstruct the officers of the State Board of Health in the discharge of any of the aforementioned duties shall be guilty of a misdemeanor and subject to a fine of not less than one hundred dollars nor more than one thousand dollars, or imprisoned at the discretion of the court."

It is a recognized principle that the trial judge is not justified in directing a verdict of guilty in a criminal action—a concrete application of the principle appearing in *Dixon's case,* 75 N. C., 275, in which the presiding judge said, "I shall tell the jury to return a verdict of manslaughter." *S. v. Dixon,* 75 N. C., 275; *S. v. Boyd,* 175 N. C., 791; *S. v. Singleton,* 183 N. C., 738. But where, as an inference of law the uncontradicted evidence, if accepted as true, establishes the defendant's guilt it is permissible for the court to instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. *S. v. Vines,* 93 N. C., 493; *S. v. Winchester,* 113 N. C., 642; *S. v. Riley, ibid.,* 648; *S. v. Woolard,* 119 N. C., 779. In the instant case his Honor no doubt had this principle in mind, and the soundness of the instruction is dependent ·on the ultimate question whether the mere use of words unattended by any force or demonstration of violence shall be held as a matter of law necessarily to constitute an obstruction of or interference with the sanitary inspector while engaged in the discharge of his legal duties. We confine our discussion to this proposition because it is specially worthy of note that, although the defendant said he meant to obstruct the officer, the witness did not testify that he was in any respect either obstructed, interfered with, intimidated, or deterred from accomplishing the purpose of his visit to the store.

In this jurisdiction it is held that language *per se* is not a sufficient provocation to justify an assault, and that some demonstration of force is necessary; but when one person addresses language to another which is calculated and intended to provoke, and does provoke, an assault, both parties are guilty. In *S. v. Hill,* 20 N. C., 629, *Judge Gaston* said: "The general rule of law is that words of reproach or contemptuous gestures, or the like offenses against decorum, are not a sufficient provocation to free the party killing from the guilt of murder when he useth a deadly weapon or manifests an intention to ·do great bodily harm." And in *S. v. McNeill,* 92 N. C., 816, *Judge Merrimon* was equally em-

phatic: "Words of reproach or insult, however grievous, do not make legal provocation, nor do indecent or provoking actions or gestures, expressive of contempt and reproach, unless accompanied with indignity to the person, as by a battery, or an assault, at least." *S. v. Tackett,* 8 N. C., 210; *S. v. Hill,* 20 N. C., 629 (491); *S. v. Barfield,* 30 N. C., 344; *S. v. Howell,* 31 N. C., 485; *S. v. Carter,* 76 N. C., 20.

In analogy to this principle the Court has upheld convictions under section 4378 for resisting an officer by means of intimidation or by a demonstration of force; but our researches have failed to discover any case in which the Court has held that words alone are sufficient for such purpose. *S. v. Morris,* 10 N. C., 389; *S. v. Garrett,* 60 N. C., 149; *S. v. Dunn,* 109 N. C., 839. Elsewhere it has been decided that neither spoken words alone nor the mere expression of an intention to resist is enough, but in order that words may constitute a resistance they must be spoken under circumstances which are calculated to deter an officer of ordinary courage and reasonable prudence in the discharge of a duty pertaining to his office. *S. v. Scott,* 17 Ann. Cas., 400, and note.

Section 7140 contains the words "willfully interfere with or obstruct." To procure a conviction under this section the State must show that the officer was obstructed or interfered with, and that such obstruction or interference was willful on the part of the defendant. We do not hold that actual violence or demonstration of force is indispensable to such obstruction or interference. To "interfere" is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty; and to "obstruct" signifies direct or indirect opposition or resistance to the lawful discharge of his official duty. Century Dictionary; 6 Words and Phrases, 4890; 3 *ibid.,* (2 Series), 674; 22 Cyc., 1587.

In the present case there was no force or violence; but if the jury should find from the evidence that the defendant at the time used language or was guilty of conduct which was calculated and intended to put the officer in fear or to intimidate or impede him as a man of ordinary firmness·in the present discharge of his official duties, and did thereby hinder or impede him, the defendant would be guilty. These, however, are questions of fact for determination by the jury, and not inferences of law for the decision of the court. Without submitting them as such questions of fact, his Honor peremptorily instructed the jury to convict the defendant if they found the evidence to be true. In this there was error which entitles the defendant to a new trial.

We have endeavored to consider the appeal entirely in its legal aspect, but we cannot refrain from expressing our unqualified condemnation of the defendant's coarse and obscene language. It was worse than reprehensible; it was utterly without color of excuse or ground of condonation.

New trial.