The defendant was indicted for the unlawful sale of spirituous liquor. Dr. W. E. Dawson, who was the only witness, testified for the State as follows: "I was on my way to see a patient suffering with influenza, when I met Herbert and asked him if he had any whiskey, and he said that he could let me have a quart. I said, `Shoot it over,' and gave him two one-dollar bills, and he gave me one quart of whiskey. He did not make any charges. I simply gave him two dollars and asked him if that was all right, and drove on. I have purchased whiskey from others and used it in treating my patients suffering with influenza."
His Honor instructed the jury as follows: "I charge you, gentlemen, if you believe the evidence in this case, you will return a verdict of guilty. You may retire and make up your verdict, or you may sit where you are." The defendant excepted. The jury returned a verdict of guilty, upon which judgment was pronounced, and the defendant appealed.
The defendant entered a plea of not guilty and thereby put in issue not only his guilt, but the credibility of the State's evidence; for evidence tending to show guilt is disputed even when uncontradicted, there being a presumption of innocence which can be overcome only by the verdict of a jury. S. v. Hill, 141 N.C. 770. The State introduced only one witness, and the defendant offered no evidence. To establish guilt under these circumstances, it was incumbent on the State to show that Dawson's testimony, if accepted by the jury, was sufficient to show a breach of the statute. The substance of his testimony was this: He inquired whether the defendant had any whiskey; the defendant said he could let him have a quart; he gave the defendant two dollars, and the defendant delivered the liquor.
True, the witness said the defendant made no charges, but the testimony, if believed, clearly shows that the defendant received the money as a consideration for the transfer of his title to the whiskey. This transaction constituted a sale (S. v. Colonial Club, 154 N.C. 177), and the credibility of the testimony was submitted to and determined by the jury.
His Honor's instruction is sustained by several decisions. In S. v.Vines, 93 N.C. 493, there was only one witness, and the court charged the jury, if they believed the testimony, the prisoner was guilty of manslaughter. Discussing the prisoner's exception, Merrimon, J., said: "It *Page 115 
was insisted on the argument here that the judge invaded the province of the jury in instructing them that, `if they believed the testimony of the witness, the prisoner was guilty of manslaughter.' We do not think so; this contention has not the slightest foundation. The judge did not intimate in the least degree, in terms or by implication, that he did or did not believe the evidence to be true, nor did he tell the jury that they should believe it, or any part of it; he, in effect, told them that, in any possible view of the evidence (and taking it most favorably for the prisoner), if they believed it to be true, then, as a conclusion of law, he was guilty of manslaughter. This was unobjectionable in this case. There was but one witness; there was no conflict of testimony; there were no alternative aspects of it to be submitted. The credit of the witness and the sufficiency of his testimony to produce conviction upon their minds was broadly and without qualification left to the jury. S. v. Walker,4 N.C. 662; S. v. Hildreth, 31 N.C. 429; S. v. Ellick,60 N.C. 450; S. v. Baker, 63 N.C. 276; S. v. Elwood, 73 N.C. 189;S. v. Burke, 82 N.C. 551."
In S. v. Riley, 113 N.C. 648, Clark, J., observed: "The evidence for the State being uncontradicted, the court told the jury, if they believed the evidence, to return a verdict of guilty. This was correct, upon the evidence set out, and if the jury had returned a verdict, there would be no ground for exception"; and in S. v. Hill, 141 N.C. 769, Hoke, J., concluded that where, in any aspect of the testimony, the defendant's guilt is manifest, the judge may tell the jury, "if they believe the evidence,' or `if they find the facts to be as testified,' they will return a verdict," etc. S. v. Woolard, 119 N.C. 779; S. v. Winchester, 113 N.C. 641.
Our conclusion is not at variance with the decision in S. v. Singleton,183 N.C. 738, or S. v. Estes, 185 N.C. 752, for in each of these cases it was held that the evidence, if true, did not necessarily establish the guilt of the defendant, and that under a proper charge the matters in controversy should have been submitted to the jury.
We have directed attention to the fact that the testimony in the case at bar is uncontradicted; but even in instances of this character it would be more satisfactory if the court's instruction to the jury followed the usual formula on the question of "reasonable doubt."
We find no sufficient cause for a new trial.
No error. *Page 116