## STATE v. HEBER HARDY.

(Filed 3 June, 1925.)

**1. Criminal Law—Constitutional Law—Statutes.**

The defendant in a criminal action may not be convicted under the provisions of our Constitution, Art. I, sec. 17, except by the law of the land or under a unanimous verdict of guilty by the jury, Art. I, sec. 13, and upon his denial of guilt he is presumed to be innocent, with the statutory right to request to go on the stand as a witness in his own behalf, in not exercising which no prejudice shall be created against him. C. S., 1799; and with further right to have counsel for his defense, C. S., 4515, who may argue the matters of law as well as of fact to the jury, C. S., 203; and the trial judge, in his instructions to the jury, shall not give his opinion whether a fact is fully or sufficiently proven. C. S., 564: and these are among the fundamental principles to which recurrence is directed by our Constitution, Art. I, sec. 29.

**2. Same—Attorney and Client—Counsel—Argument—Instructions—Appeal and Error.**

Upon the trial of a criminal case it is the duty of the defendant's counsel to argue his case to the jury upon the evidence introduced, and the remarks of the judge to the jury in effect that defendant's attorney notwithstanding he had informed them of his rulings of the law, had argued the law to the jury, is virtually an instruction that the jury should give no consideration thereto, and is a prejudicial invasion of the defendant's rights, and constitutes reversible error.

**3. Same—Courts—Jury.**

An instruction in a criminal case that defendant's counsel was under obligation to make his side the best side, and it was different with the court and jury who were to maintain a fair and impartial trial, is an erroneous conception of the law; and, *Held* erroneous.

**4. Criminal Law—Instructions—Reasonable Doubt—Appeal and Error.**

Where the accused on a criminal trial denies his guilt of the offense charged, he is presumed to be innocent, and for conviction the State must prove his guilt beyond a reasonable doubt; and an instruction is erroneous that the jury should return a verdict of guilty if they found the uncontradicted evidence in the case to be true.

**5. Appeal and Error—Criminal Law—Instructions—Presumption of Innocence—Requested Instructions.**

Defendant's counsel in a criminal action may presume that the trial judge will charge the jury upon the presumption of defendant's innocence, and a special request, with exception to its refusal, to this effect, is not necessary to present the question on appeal.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1925, of BEAUFORT.

Indictment charging defendant with violation of statute prohibiting manufacture of intoxicating liquor, etc. Verdict guilty. From judgment

STATE *v.* HARDY.

that defendant be confined in the jail of Beaufort County for 18 months, assigned to work on the roads of the county, defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*H. C. Carter for defendant.*

CONNOR, J. The State offered as evidence the testimony of Allen Whitley, who testified that he had been tried and convicted for making liquor, and had served a term of six months on the roads. He further testified as follows: "One Sunday in September last, I was on the hard-surface road, about four miles from Washington, when a car stopped near me. A man got out and approached me. I had not seen him in six years and hardly knew him. Said he wanted me to make some whiskey for him. I told him that I would let him know later. The next morning I rode my bicycle to his place, near Grimesland in Pitt County, and told him that I had decided to do the work for him; and that I would come back on the following Friday to go to work. I went back on Friday, and on Saturday morning he took me in his buggy to a place in the woods, about six miles from his home and showed me a still. He told me how to set up the still, and how to make the liquor. He then left. He furnished the still and appliances. The mash was already there. I built a fire after he left. This was the first time I had ever made liquor. In a little while the officers came and caught me. I told them that Mr. Hardy owned the still and that I was making liquor for him.

"I had not seen Heber Hardy for six years, and he had not seen me. He never knew me to be connected with the liquor business. I did not know how to make liquor. He didn't tell me what he was going to give me until I went over there. He was to give me two gallons. When I got caught, I tried to run, but fell down and then told the officers that it was Mr. Hardy's still."

J. J. Hodges testified that he arrested Allen Whitley at the still. He tried to run, but fell down. He said, "Don't shoot. I am not making whiskey for myself." He then told me for whom he was making whiskey. I saw tracks of a buggy and horse. That day Heber Hardy was in town with his brother. He lives 6 or 7 miles from the place where the still was found. Allen Whitley lives about 15 miles from the place. Allen Whitley's reputation is good.

This was all the evidence. The charge in full of the court to the jury was as follows:

"Heber Hardy is charged with the violation of the prohibition law. The State charges him in the bill of indictment on two counts: the

manufacture of intoxicating liquor; and having property designated for use in the manufacture of liquor or intended to be used in violation of law.

"(I sent you out of the room in order to intimate to counsel what I was going to charge you. Notwithstanding that intimation, counsel has seen fit to argue the case to the jury.)" To foregoing portion of charge in parentheses defendant excepts. This was defendant's first exception.

"(I instruct you, gentlemen of the jury, that these gentlemen are designated by the State and by the defendant to try this case; it is their business to make their side appear the best side; their reasons the best of reasons; but you and I are under different obligations. Yours is the obligation which the State has required you to take, to well and truly try this case and a true verdict render therein, according to the evidence; you have been admonished to sit together, hear the evidence and render your verdict accordingly. The evidence in this case is uncontradicted. I instruct you if you believe the facts to be as testified to, you will return your verdict of guilty. Take the case and see how you find it.)" To foregoing portion of charge in parentheses defendant excepts. This was defendant's second exception.

Defendant's assignments of error, on his appeal to this Court, are based upon these two exceptions. He complains that by these instructions he was prejudiced in his right to have the argument of his counsel considered by the jury, and that the judge gave an opinion as to whether the facts involved in the issue between him and the State had been fully or sufficiently proven, thus invading the true office and function of the jury.

Defendant, called to answer a criminal charge, ought not to be deprived of his liberty, as a punishment therefor, but by the law of the land. Const. of N. C., Art. I, sec. 17. He ought not to be convicted but by the unanimous verdict of a jury of good and lawful men in open court, sec. 13. Upon his trial he, as every man who is a defendant in a criminal prosecution, has the right to be informed of the accusation against him, and to confront the accusers and witnesses with other testimony and to have counsel for his defense, and not be compelled to give evidence against himself. Sec. 11. In his trial upon the indictment he is, at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any presumption against him. C. S., 1799. Every person, accused of any crime whatsoever, shall be entitled to counsel in all matters which may be necessary for his defense. C. S., 4515. In jury trials the whole case, as well of law as of fact, may be argued to the jury, C. S., 203. No judge, in giving a charge to a petit jury, either in a civil or a criminal action,

51—189

shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of a jury, but he shall state in a plain and correct manner the evidence given in a case and declare and explain the law arising therein. C. S., 564.

These are some of the fundamental principles, clearly asserted and firmly established in the organic law of North Carolina, to which we are admonished there should be a frequent recurrence, if we would preserve our liberties. Const. of N. C., Art. I, sec. 29. These principles are essential for the preservation of the blessings of liberty for the individual; a government of 'law and not of men can be maintained only by a constant recognition of and jealous adherence to these principles. They are embedded not only in our Constitution and statutes, but in the very life of our people. Criminal statutes enacted from time to time to meet new and changing conditions, however sound may be the policy which underlies them, or however necessary their enforcement may be to the good order of society and the happiness of individuals, will be weaved into the life of the people, becoming a part of the warp and woof thereof, only when enforced as to individuals charged with their violation, in strict obedience to these great fundamental principles.

(1) The right of every man, accused, prosecuted, or put on trial upon a criminal charge, to be heard, and to have counsel in all matters necessary for his defense, and the right of counsel to argue to the jury the whole case, as well of law as of fact, is too fundamental for discussion. It is not only the right, it is also the duty of counsel to argue to the jury the case for the defendant, when in their judgment there is evidence or law, applicable to the case, sustaining the contentions of defendant upon the issue to be determined by the jury, and when in their opinion such argument will aid the jury in determining the issue in accordance with these contentions. Neither the contrary opinion of a judge, nor the temporary criticisms of those who have no share in the responsibility of counsel, ought to deter them from exercising their rights or performing their duties. The primary purpose of a trial, in a court, is not to convict and punish the accused, but to guarantee him that he shall not be deprived of his right to life, liberty and the pursuit of happiness—inalienable rights with which he is endowed by his Creator—but by the law of the land. Governments are instituted among men to secure these rights, and it is peculiarly the function of a court to assure every man whose right to life, liberty or the pursuit of happiness is put in jeopardy, by an accusation of crime, the punishment for which is a deprivation of one of these rights, that he shall be heard, and shall not suffer, until his guilt has been established by the verdict of a jury in accordance with law. Respectful, but firm

insistence upon one's own rights, especially when enjoyment of those rights is essential to the performance of one's duty, precedes and is always a prerequisite to the recognition of and respect for the rights of others.

In *S. v. Collins,* 70 N. C., 242, *Justice Settle,* writing for the Court, said: "In this country every one has a constitutional right to have counsel for his defense, and if he is too poor to employ counsel it is the duty of the court to assign some one to defend him and it is the duty of counsel thus assigned to give to the accused the benefit of his best exertions." In that case, defendant, who was on trial upon indictment for murder, assigned as error a ruling of the judge, allowing his counsel only one hour and a half for the argument of the case to the jury. While the Court held that under the statute then in force, the ruling was within the discretion of the judge, it said, "We do not recommend the ruling of his Honor in the case before us as a precedent worthy of imitation." The vigorous dissenting opinion of *Bynum, J.,* concurred in by *Rodman, J.,* resulted in the enactment by the General Assembly of chapter 114, Laws 1874-5, which provided that an attorney appearing in any civil or criminal action shall be entitled to address the court or jury "for such space of time as in his opinion may be necessary for the proper development and presentation of his case." This is the law now, except as amended by chapter 433, Laws 1903, fixing the minimum number of counsel who may address the jury as matter of right, and the minimum time for limitation of arguments in all cases other than capital cases, by the judge. C. S., 203. The people of North Carolina have ever been jealous of their rights, under the law. The right of counsel to address the jury is not a privilege conferred upon lawyers; it is the right of every man, who seeks redress for his wrongs, or protection of his rights in the courts, to speak through his counsel to both judge and jury and to be heard.

It cannot be said that the constitutional right of defendant in this case to have counsel for his defense and the right of counsel to argue the case for the defendant to the jury was not impaired by the expression of the judge assigned as error. It is true that counsel argued the case to the jury. The remark, however, to which the first exception is addressed, was and must have been understood by the jury as a criticism by the judge of counsel for exercising his right, and performing his duty, as he saw it, and was virtually an instruction that the jury should give no consideration to the argument of counsel, upon the law or the evidence. We cannot, upon principle or under the authorities, approve this instruction, and must hold that it was prejudicial to the right of defendant to have counsel in all matters necessary for his defense. *S. v. Lee,* 166 N. C., 250.

(2) Nor can we approve the instruction that it is the "business of counsel to make their side appear the best side; their reasons the best reasons; but you and I are under different obligations." Judge, juror and counsel are all under the same obligation. Each in his sphere is independent, but it is the duty of all to aid in the ascertainment, in accordance with established principles of law and legal procedure, of the truth of the issue involved in the trial. They differ only in function. A trial by a jury of good and lawful men, under the supervision of a just and impartial judge, both aided by learned and zealous counsel for those whose rights are involved in the issue, has been found by experience the surest guarantee of the rights of individuals and the protection of society. It has been approved, not only by men learned in the law, but also by all men who seek truth and love justice.

(3) The court, having instructed the jury that their duty differed from that of counsel, who, heedless of the court's intimation, had seen fit to argue the case to them, and had urged them, upon the evidence and the law to return a verdict of "not guilty," further instructed the jury as follows: "The evidence in this case is uncontradicted. I instruct you if you believe the facts to be as testified, you will return your verdict of guilty. Take the case, and see how you find it." The assignment of error, based upon exception to this instruction must be sustained.

In *S. v. Murphrey,* 186 N. C., 113, although upon the record in that case, an instruction similar to that here assigned as error, was held not reversible error, this Court said: "Even in instances of this character it would be more satisfactory if the court's instruction to the jury had followed the usual formula on the question of 'reasonable doubt.'" In *S. v. Singleton,* 183 N. C., 738, an instruction that if the jury believed the evidence, they would find defendant guilty, was held error. While the instruction in the instant case, taken alone, may be distinguished from that in the *Singleton case,* and might be sustained by *S. v. Murphrey,* when considered as a part of the entire charge, it was in effect a directed verdict. In *S. v. Estes,* 185 N. C., 752, it is held that it is a recognized principle that a trial judge is not justified in directing a verdict of guilty in a criminal action, but where as an inference of law the uncontradicted evidence if accepted as true, establishes the defendant's guilt, it is permissible for the court to instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. The law in this State, as repeatedly declared by this Court, is that a plea of not guilty, to a criminal charge, at once calls to the defense of defendant the presumption of innocence, denies the credibility of evidence for the State; and casts upon the State the burden of establishing guilt beyond a reasonable doubt. *S. v. Singleton, supra.*

These words are not mere formalities, but express vital principles of our criminal jurisprudence and criminal procedure. These principles ought not to be readily abandoned, or worn away by invasion. As said by *Justice Hall, In re Spier,* 12 N. C., 492, nearly a century ago, "Although a prisoner, if unfortunately guilty, may escape punishment in consequence of the decision this day made in his favor, yet it should be remembered that the same decision may be a bulwark of safety to those who, more innocent, may become the subjects of persecution, and whose conviction, if not procured on one trial, might be secured on a second or third, whether they were guilty or not."

(4) The charge to the jury in this case contains neither a "statement in a plain and correct manner of the evidence," nor "an explanation of the law arising thereon." C. S., 564. There were no requests for special instruction; counsel, however, were justified in assuming that the jury would be instructed as to the presumption of innocence of defendant; the rule as to burden of proof applicable; the tests to be applied in order to determine the credibility of the testimony of the State's witness, who, if believed by the jury, was an accomplice; the lack of presumption against defendant arising from his failure to exercise his right to testify in his own behalf, and that finally they were to pass upon and determine both the credibility of the testimony of the witnesses and the weight of the evidence.

Assignments of error are sustained. There must be a

New trial.