### STATE v. EXUM MOORE.

(Filed 29 September, 1926.)

**Instructions — Evidence — Directing Verdict — Statutes — Expression of Opinion—Appeal and Error.**

Where the defendant is on trial for the unlawful sale of intoxicating liquor, and the only testimony is given by two witnesses as having bought it from him at different times, and the defendant's evidence is in contradiction of one of them, a charge by the court for the jury to return a verdict of guilty if they believed or found as true the testimony of the other witness (capable of only one meaning), is not an expression of the court's opinion upon the weight and credibility of the evidence, inhibited by C. S., 564.

APPEAL by defendant from *Cranmer, J.,* at June Term, 1926, of the Superior Court of Halifax County. No error.

The defendant was charged with violation of the prohibition law. At the close of the State's evidence the solicitor said he would insist on a verdict only for the unlawful sale. In behalf of the State A. H. Heslewood testified that he bought a pint of liquor from the defendant on Saturday, 17 April, 1926, and A. Moye testified that he bought liquor from the defendant at another time. The alleged sales were not related to each other in any way.

The defendant did not testify but introduced as his only witness his father, who said that on 17 April, 1926, the defendant was at home all day and remained most of the time in bed. This was in contradiction of Heslewood's testimony; the witness did not contradict what Moye said.

The defendant was convicted and from the judgment pronounced he appealed to the Supreme Court, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Travis & Travis and Allen C. Zollicoffer for defendant.*

ADAMS, J. The State introduced two witnesses, A. H. Heslewood and A. Moye, each of whom testified that he had bought whiskey from the defendant; the defendant introduced one witness whose testimony contradicted that of Heslewood but did not contradict that of Moye. At the conclusion of the evidence the judge told the defendant's counsel in the presence of the jury that he would instruct the jury to convict the defendant if they found beyond a reasonable doubt that Moye's testimony was true. This remark was repeated in the presence of the jury and in each instance the defendant duly excepted. This was not an

14—192

expression of opinion as to the credibility of the witness or as to the defendant's guilt, but the announcement of an intended instruction which was subsequently given as follows: "The witness, A. Moye, testified that he bought a pint of whiskey from the defendant and paid him $2.00 for it. This evidence is not contradicted. The court instructs you that if you believe the evidence of the witness, Moye, beyond a reasonable doubt, you should find the defendant guilty." The defendant suggests that this instruction is erroneous; but there was no other evidence of this transaction and the evidence if believed was susceptible of only one construction, that is, that the defendant made the sale; and under such circumstances similar instructions have repeatedly been sustained. *S. v. Vines,* 93 N. C., 493; *S. v. Winchester,* 113 N. C., 642; *S. v. Riley,* *ibid.,* 648; *S. v. Woolard,* 119 N. C., 779; *S. v. Hill,* 141 N. C., 769; *S. v. Estes,* 185 N. C., 752; *S. v. Murphrey,* 186 N. C., 113. The principle does not apply where the evidence, if true, is susceptible of more than one deduction. *Fertilizer Works v. Cox,* 187 N. C., 654. We are referred by the defendant to *S. v. Hardy,* 189 N. C., 799, in which upon assignments of error a new trial was awarded. There the instruction, "If you believe the facts as testified you will return a verdict of guilty," was disapproved; but the evidence to which the instruction referred was apparently regarded as open to more than one construction. It is worthy of note that the State's witness in that case did not say directly, but only inferentially, that the man he had met in the road was the defendant, and his subsequent testimony was not necessarily conclusive on that question. In any event, *Hardy's case* cannot reasonably be interpreted as conflicting with the long line of decisions which have upheld the principle now under discussion.

The judge's remark that Moye's testimony was not contradicted did not constitute reversible error. He simply directed the jury's attention to the conflict between the testimony of Heslewood and that of the defendant's only witness and to the want of such inconsistency between the defendant's witness and Moye. The plea put in issue the question of the defendant's guilt and the credibility of the State's evidence; but it could not "contradict" evidence which had not been introduced when the plea was entered. *S. v. Murphrey, supra; S. v. Hardy, supra,* p. 804.

We find nothing in the record which indicates the expression or intimation of an opinion by the presiding judge in violation of Consolidated Statutes, 564, or disregard of the rule which forbids the selection or "singling out" of one witness among many, where the evidence is conflicting, and making his credibility a pivotal or controlling circumstance. *S. v. Rogers,* 93 N. C., 523; *Long v. Hall,* 97 N. C., 286.

We find

No error.