### STATE v. BEN JOHNSON.

(Filed 23 May, 1928.)

**1. Intoxicating Liquor — Criminal Prosecution — Burden of Proof—Directed Verdict.**

On the trial of a criminal action the State has the burden of showing defendant's guilt beyond a reasonable doubt, and where the defendant, a witness in his own behalf, indicted under our prohibition statute, admits that he has made a purchase of whiskey, but does not state when or where, the burden is on the State to show that the purchase was made within two years, and made within the State, and an instruction directing a verdict on the issue against the defendant is reversible error.

**2. Criminal Law—Requests for Instructions—When Request for Directed Verdict Should be Made—Evidence—Intoxicating Liquor.**

Where under an indictment for the purchase of intoxicating liquor, the State fails to prove the purchase within two years, the failure of such proof should be taken advantage of by the defendant by a request for an instruction directing a verdict in his favor.

**3. Intoxicating Liquor—Criminal Prosecution—Evidence.**

Where on a trial for the purchase of intoxicating liquor the defendant admits the purchase, but does not state where or when the purchase was made, the exclusion of evidence offered by the defendant, which might have shown that the purchase was not made within two years, or made within the State, is reversible error.

CRIMINAL ACTION before *Moore, J.,* at November Term, 1927, of RUTHERFORD.

The defendant was charged with the unlawful possession, furnishing, transporting, purchasing and selling of intoxicating liquors. The evidence tended to show that on or about 31 July, 1927, the defendant procured, transported and furnished to one George Porter a small quantity of whiskey which Porter drank, the defendant drinking no portion thereof. Porter was arrested for being drunk and after his arrest stated to the officers that the defendant had purchased and given the whiskey

42—195

to him. The defendant testified in his own behalf and denied the statements of Porter. While the defendant was on the witness stand and during cross-examination he testified: "I bought some liquor one time from Walt Davis, paid $1.50 a pint for it. He lives at Sulphur Springs." Thereupon in response to a question from the court the witness testified that he got a pint from Davis and left it in the woods. Thereupon the trial judge said: "Let a verdict of guilty be entered. Gentlemen of the jury, if you believe the defendant's own statement about it, you will return a verdict of guilty. Take the case."

From the judgment of imprisonment for a term of one year to be worked on the roads the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*T. J. Moss for defendant.*

BROGDEN, J. It will be observed that the peremptory instruction of the trial judge to the jury was apparently based upon a statement by the defendant on cross-examination relating to the purchase of a pint of liquor from Walt Davis rather than upon the testimony offered at the trial upon the bill of indictment. It does not appear that the defendant purchased the liquor from Davis within two years, or indeed whether it was purchased within the State of North Carolina. The burden of proof is on the State to show that the crime was committed within two years, and a failure to make such proof should be taken advantage of by the defendant by a request to instruct the jury. *S. v. Francis,* 157 N. C., 612, 72 S. E., 1041, *S. v. Brinkley,* 193 N. C., 747, 138 S. E., 138. The record discloses, however, that after the court had directed a verdict counsel for defendant stated that he had further evidence and the court remarked, "It wouldn't help you any." Thus the defendant was precluded from offering evidence as to when and where the purchase from Davis had been consummated if such evidence was available. The principle covering this case, as disclosed by the record, is thus declared in *S. v. Hardy,* 189 N. C., 799, 128 S. E., 152. "In *S. v. Estes,* 185 N. C., 752, it is held that it is a recognized principle that a trial judge is not justified in directing a verdict of guilty in a criminal action, but where as an inference of law the uncontradicted evidence if accepted as true, establishes the defendant's guilt, it is permissible for the court to instruct the jury to return a verdict of guilty if they find the evidence to be true beyond a reasonable doubt. The law in this State, as repeatedly declared by this Court, is that a plea of not guilty, to a criminal charge, at once calls to the defense of defendant the presumption of

innocence, denies the credibility of evidence for the State; and casts upon the State the burden of establishing guilt beyond a reasonable doubt. *S. v. Singleton. supra.* These words are not mere formalities, but express vital principles of our criminal jurisprudence and criminal procedure. These principles ought not to be readily abandoned, or worn away by invasion. As said by *Justice Hall, In re Spier,* 12 N. C., 492, nearly a century ago, 'Although a prisoner, if unfortunately guilty, may escape punishment in consequence of the decision this day made in his favor, yet it should be remembered that the same decision may be a bulwark of safety to those who, more innocent, may become the subjects of persecution, and whose conviction, if not procured on one trial, might be secured on a second or third, whether they were guilty or not.' "

New trial.