### STATE v. ELLA GODWIN.

(Filed 21 May, 1947.)

**1. Criminal Law § 52b—**

It is rarely proper to direct a verdict for the State in a criminal prosecution, and where there is no admission or presumption calling for explanation or reply on the part of defendant, an instruction that if the jury should find beyond a reasonable doubt the facts to be as shown by all the evidence, to return a verdict of guilty, must *be held* for reversible error, certainly where the court fails to charge that if the jury has a reasonable doubt of defendant's guilt to acquit her.

**2. Intoxicating Liquor § 9e—**

In this prosecution for the sale of nontax-paid whiskey the sole witness was an employee of the A. B. C. Board whose testimony disclosed that he

procured the sales by defendant by persistent entreaty and duplicity. *Held:* Under defendant's plea of not guilty, defendant was entitled to the benefit of any reasonable doubt as to the credibility of the State's witness, and therefore an instruction that if the jury should find beyond a reasonable doubt the facts to be as shown by all the evidence to return a verdict of guilty, is erroneous.

**3. Criminal Law § 28—**

Upon defendant's plea of not guilty the presumption of innocence attaches and goes with him throughout the trial and stands until overcome by proof or an adverse verdict, and casts the burden on the State to prove guilt beyond a reasonable doubt.

**4. Criminal Law § 81c (4)—**

Defendant was convicted on three counts, sentence on the first two to run concurrently and sentence on the third to begin at the expiration of the first two, suspended on good behavior. *Held:* There being error in the conviction on the first two counts and it being apparent that the conviction on the third count was necessarily influenced by and followed as a matter of course from the convictions on the first two counts, a new trial must be awarded on the third count also.

APPEAL by defendant from *Parker, J.,* at November Term, 1946, of CUMBERLAND.

Criminal prosecutions on three separate warrants charging the defendant in each with the sale of nontax-paid whiskey, consolidated and tried together.

Ralph Lamb, an employee of the State A. B. C. Board, testified that on Sunday morning, 31 March, 1946, he went to the home of the defendant to buy some whiskey. The defendant at first declined to sell him any, she was afraid of him, didn't know him, but said she would give him a drink. The witness replied that he had a drink (he had about an inch of A. B. C. whiskey in a bottle), but wanted some to take along with him. The defendant agreed to swap drinks with him, which she did. The witness took a swallow of the whiskey, and after much importuning, the defendant said: "Give me $2 and go ahead. I think you are all right." The witness gave her $2 and took the whiskey.

Thereafter, on 19 April, the witness and another Mr. Lamb, who was working with him, went to the home of the defendant to buy some whiskey. The defendant first said she was afraid, and the witness replied: "That is exactly what we are going to do, arrest you as soon as you sell us whiskey." She then sold the witness a pint and his comrade paid her $3 for it.

Still, again, on Sunday morning, 5 May, the witness and Mr. Pete Lamb went to the home of the defendant and got a pint of "stump hole nontax-paid liquor," paid for it and left.

On cross-examination, the witness said that on the first occasion there was a swapping of drinks. "I don't consider that selling it. There was no money in exchange. . . . I went there and sat around and argued with that woman a long time and finally left there with a pint of liquor."

Speaking of the second occasion, he says: "We represented ourselves as being A. B. C. officers. . . . I said as soon as you sell us this whiskey we are going to arrest you. . . . I wasn't going to arrest her."

On the second occasion another girl was there and they were mopping the floor. "The third time we only saw Mrs. Godwin."

The defendant offered no evidence.

The following instructions were given to the jury:

1. In respect to the first charge, "The court instructs you that if you find the facts to be true as testified to by the State's witness and beyond a reasonable doubt, it will be your duty to return a verdict of guilty in that case." Exception.

2. In respect to the second charge, "The court instructs you that if you find the facts to be true as shown by all the evidence and beyond a reasonable doubt, it will be your duty to return a verdict of guilty in that case." Exception.

3. In respect to the third charge, "The court instructs you that if you find the facts to be true as shown by all the evidence and beyond a reasonable doubt, it will be your duty to return a verdict of guilty in that case. If you have a reasonable doubt of her guilt you will acquit her." Exception.

Verdict: Guilty as charged in all three cases.

Judgments: In the first case, 12 months in the Woman's Division of the State's Prison; in the second case, 12 months in the Woman's Division of the State's Prison to run concurrently with the sentence in the first case; in the third case, 12 months in the Woman's Division of the State's Prison to begin at the expiration of the sentences in the first and second cases. The sentence in the third case to be suspended for two years on conditions, good behavior, etc.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Henry L. Anderson and James R. Nance for defendant.*

STACY, C. J. The validity of the trial, and not the guilt or innocence of the accused, is the question presently to be considered.

The peremptory character of the court's instructions, certainly those in the first two cases, would seem to be in excess of approved practice, where, as here, there is no admission or presumption calling for explana-

tion or reply on the part of the defendant. *S. v. Estes,* 185 N. C., 752, 117 S. E., 581; *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846; *S. v. Hill,* 141 N. C., 769, 53 S. E., 311. It is only in rare instances that a verdict may be directed for the State in a criminal prosecution. *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663. "The plea of not guilty disputes the credibility of the evidence, even when uncontradicted, since there is the presumption of innocence, which can only be overcome by the verdict of a jury." *S. v. Riley,* 113 N. C., 648, 18 S. E., 168. See *S. v. Dickens,* 215 N. C., 303, 1 S. E. (2d), 837, and cases there cited.

Where a defendant pleads not guilty to the charge contained in the warrant or bill of indictment to which he is required to answer, there comes to his aid the common-law "presumption of innocence" which goes with him throughout the trial and stands until overcome by proof or an adverse verdict. *S. v. Herring,* 201 N. C., 543, 160 S. E., 891; *S. v. Boswell,* 194 N. C., 260, 139 S. E., 374. His plea of traverse casts upon the State the burden of establishing his guilt, not merely to the satisfaction of the jury, but to a moral certainty or beyond a reasonable doubt. *S. v. Singleton, supra.*

Moreover, it appears from the cross-examination of the witness that the State's case must lean more or less upon a "broken reed," as it were, since it was brought about by persistent entreaty and duplicity. In this respect, it is quite unlike *S. v. Murphrey,* 186 N. C., 113, 118 S. E., 894. The witness admits that, in the first case, he misled the defendant and was able to leave with a pint of liquor only after swapping drinks with her—his own act he imputes to righteousness, hers to unrighteousness; and in the second case he told her a story. Indeed, his testimony in the second case would seem to burden credulity somewhat. At any rate, the jury should have been allowed to give the defendant the benefit of any reasonable doubt. *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232. "Reasonable doubt, in the humanity of our law, is exercised for the prisoner's sake, that he may be acquitted if his case will allow it, but it is never applied for his condemnation." *S. v. Starling,* 51 N. C., 366. No mention is made of any sale in the cross-examination.

Little need be said about the instruction in the third case. Even if standing alone, it could be upheld, which is unconceded, we think the verdict here was necessarily influenced by the results in the first two cases, since it appears to have followed as a matter of course. The judgment in this case was suspended on condition.

Full liberty of consideration on the part of the jury would seem to be the defendant's due in all three cases. *Suum cuique tribuere.*

New trial.