STATE v. OTIS HUNT.

(Filed 7 June, 1957.)

**Criminal Law § 53j—**

Where the State's sole witness is an undercover agent who testifies that he purchased nontaxpaid whisky from defendant, an instruction that the jury should scrutinize his testimony in the light of his interest and bias, but that if the jury believed beyond a reasonable doubt that the witness was telling the truth, and if the jury were satisfied beyond a reasonable doubt from such testimony that defendant was guilty, to return such verdict, *is held* without error.

APPEAL by defendant from *Hall, J.,* November, 1956 Criminal Term, ROBESON Superior Court.

Criminal prosecution upon a three-count bill of indictment charging the defendant with unlawful possession, unlawful possession for the purpose of sale, and unlawful sale of (nontaxpaid intoxicating whiskey).

The only State's witness, Donald Torrence, an undercover officer, testified: "On July 12 . . . I entered the house and saw Otis Hunt for the first time; I asked Otis Hunt if he could get a jar, and he said, 'Yes'; he left out the back door, was gone a few minutes, returned with a half-gallon jar of nontaxpaid whiskey which contained no stamps. . . . I paid Otis Hunt $3.00 for the half-gallon jar of nontaxpaid whiskey." . . . On cross-examination the witness testified: "As I recall, Otis Hunt lived on a dirt road."

The defendant's only witness testified that Otis Hunt lived on a paved road.

The only assignment of error relates to the following part of the judge's charge:

"I instruct you in this case as to the testimony of Mr. Torrence, State's witness, that it is your duty to scrutinize his testimony with caution and care, in the light of his interest and bias, if any you find; but if after you do that, you believe beyond a reasonable

doubt that he is telling the truth, and you are satisfied from his testimony and beyond a reasonable doubt of the defendant's guilt, it would be your duty to so find, that is, return a verdict of guilty."

In addition to the above, the court charged: "If the State has failed to satisfy you from the evidence beyond a reasonable doubt or if you have a reasonable doubt as to the defendant's guilt, it would then be your duty to return a verdict of not guilty. . . ."

From an adverse verdict and judgment thereon, the defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*F. D. Hackett and Robert Weinstein for defendant, appellant.*

PER CURIAM.  The testimony of witness Torrence was the only evidence relating to the charges in the bill of indictment.  The instruction complained of here is similar, in principle, to the instruction approved by this Court in *S. v. Moore,* 192 N.C. 209, 134 S.E. 456.  This record discloses

No error.