STATE v. LULA MOREHEAD, CLAUDE WALL AND JAMES MOREHEAD.

(Filed 6 May, 1964.)

**1. Intoxicating Liquor § 13a—**

Evidence that an undercover agent purchased from one defendant a pint of whiskey, that the sale took place in the basement of the residence of the other defendant, that such other defendant was present, and that the first defendant gave the money received for the whiskey to the other defendant, *is held* sufficient to be submitted to the jury as to the guilt of each.

**2. Intoxicating Liquor § 15; Criminal Law § 106—**

Where two defendants are charged in one warrant and a third defendant is charged in a second warrant with unlawful possession of intoxicating liquor and possession of intoxicating liquor for the purpose of sale, each warrant being based upon a separate occasion, and the warrants are consolidated for trial, it is error for the court to charge in effect that the jury should either find all defendants guilty or all defendants not guilty, since each defendant is entitled to have submitted to the jury the question of his guilt in reference to the specific charge in the warrant against him.

**3. Criminal Law § 111—**

In this prosecution for violation of the liquor laws based upon testimony of an undercover agent, a charge to the effect that the State contended that the Alcoholic Beverage Control Board would not send out agents who were not thoroughly reliable and that it would be deplorable if officers could not be believed, *is held* inappropriate and prejudicial.

APPEAL by defendants from *Crissman, J.*, October 7, 1963, Criminal Session of GUILFORD Superior Court, Greensboro Division.

Criminal prosecutions on three warrants charging offenses committed March 24, 1963, *viz.:* In separate warrants, each of defendants Lula Morehead and Claude Wall was charged with (1) the unlawful possession, (2) the unlawful possession for the purpose of sale, and (3) the sale to James Alston for the sum of $4.00, of "One Pint of Tax Paid Whiskey." In a separate warrant, defendant James Morehead was charged with (1) the unlawful possession, (2) the unlawful possession for the purpose of sale, and (3) the sale to James Alston for the sum of $2.00, of "½ pint of Tax Paid Whiskey."

Each defendant was tried and convicted in the municipal-county court and appealed from the judgment pronounced therein. In the superior court, the three cases were consolidated for trial and tried *de novo.* As to each defendant, the jury returned a verdict of guilty as charged and the court pronounced judgment. Defendants appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*Lee & Lee for defendant appellants.*

BOBBITT, J. The only evidence (that offered by the State) was the testimony of two ABC officers (Alston and Allen) who were engaged in "undercover work" in Greensboro. Their testimony tends to show the facts narrated below.

On Sunday afternoon, March 24, 1963, at 2:15 p.m., the officers were taken by one Tommy Young to the basement of the Morehead residence. There Alston purchased from Morehead for $2.00 one-half pint of taxpaid whiskey. Morehead gave the $2.00 to Mrs. Morehead. Morehead got the whiskey from behind a counter. The officers and Young consumed the whiskey on the Morehead premises. Mrs. Morehead was present when these events occurred. The officers and Young remained in the Morehead basement "about ten or fifteen minutes." Defendant Wall was not present at any time on said occasion.

Later that afternoon, about 5:45 p.m., Alston, Young and two unidentified ladies returned to the Morehead basement. (Allen was not with them.) On this occasion, Alston purchased from defendant Wall for $4.00 in the presence of Mrs. Morehead one pint of taxpaid whiskey, Wall gave the purchase price ($4.00) to Mrs. Morehead. This whiskey, Kentucky Gentleman, was in a pint bottle. Most of it was consumed on the Morehead premises. "Tommy Young took the rest of it with him."

Alston testified: "Tommy Young did not know who I was, who I was employed by, nor what my purpose was. We got acquainted with the defendants James and Lula Morehead when Tommy Young took us there."

There was ample evidence to support a verdict of guilty as to each defendant in respect of the particular offense of which that defendant was charged. Hence, the motion of each defendant for judgment as of nonsuit was properly overruled.

The evidence discloses two separate and distinct incidents, one at 2:15 p.m. relating to one-half pint of taxpaid whiskey sold to Alston for $2.00 and the other at 5:45 p.m. relating to one pint of taxpaid

whiskey sold to Alston for $4.00. The charge against defendant James Morehead relates solely to the 2:15 p.m. incident. The charge against defendants Lula Morehead and Claude Wall relates solely to the 5:45 p.m. incident.

Near the conclusion of the charge, the following appears: "so in these cases the Court charges you that if you are satisfied from this evidence beyond a reasonable doubt that these defendants had this tax-paid whiskey in their possession for the purpose of sale and further satisfied from this evidence beyond a reasonable doubt *that they did enter into these sales,* it would be your duty to return a verdict of guilty as charged *in this warrant.* If you are not so satisfied, you would return a verdict of not guilty." (Our italics).

The court's final instruction was in these words: "so the Court charges you if you are satisfied from this evidence beyond a reasonable doubt that these defendants had tax-paid whiskey in their possession on this date for the purpose of sale and that they actually did sell some of it or were party to it, it would be your duty to return a verdict of guilty as charged *in the warrant.* If you are not so satisfied, it would be your duty to return a verdict of not guilty." (Our italics).

In giving these instructions, the court, through inadvertence, assumed all warrants contained counts (or that there was a single warrant) relating to a criminal offense or offenses based on a single incident. The quoted instructions required the jury to find all defendants either guilty or not guilty. Each defendant was entitled to have submitted to the jury for consideration, determination and verdict the question as to *his (her)* guilt with reference to the specific charge(s) in the warrant against *him (her).* The quoted instructions were erroneous and entitle all defendants to a new trial.

Since a new trial is awarded on the ground stated above, we deem it unnecessary to consider at length defendants' contention that the court failed to give equal stress to the contentions of the State and defendants. One portion of the charge to which defendants except is in these words: "The State says and contends that when you weigh and consider this evidence, there could be only one conclusion, for the State says and contends that the Alcoholic Beverage Control Board would not send out agents that are not thoroughly reliable and agents that are not thoroughly trustworthy; and that if we have gotten to the point where the officer cannot be believed, that we are getting way down the line."

In the light of the rule applicable when passing upon the credibility of the testimony of an undercover officer or agent, *S. v. Love,* 229 N.C. 99, 47 S.E. 2d 712, the quoted summation was inappropriate and prej-

udicial. See *S. v. Hunt,* 246 N.C. 454, 98 S.E. 2d 337. It is noted that the jury was not instructed as to the rule stated in *S. v. Love, supra.*
    New trial.